[No. 8816. Department One.—November 19, 1885.]

## THE LAKE PLEASANTON WATER COMPANY, Appellant, *v.* THE CONTRA COSTA WATER COMPANY, Respondent.

Eminent Domain—Water Company—Reservoir.—A corporation organized and existing under the laws of the State for the purpose of supplying the inhabitants of an incorporated city with pure fresh water, may exercise the right of eminent domain for the acquisition of land needed as a reservoir in connection with the purposes of its incorporation.

Id.—Prior Appropriation—Pleading.—In an action to condemn land for a public use, the complaint alleged that the defendant was a corporation organized under the laws of the State for a purpose similar to that of the plaintiff, and that it was the owner of the land sought to be condemned. *Held,* that inasmuch as the complaint contained no averment that the land in question had been appropriated to a public use, it was sufficient on demurrer without alleging that the land was required for a more necessary public use.

Appeal from a judgment of the Superior Court of the county of Alameda.

The facts are stated in the opinion of the court.

*J. E. McElrath,* for Appellant.

*Fox & Kellogg,* and *Vrooman & Davis,* for Respondent.

Ross, J.—A demurrer to the amended complaint of the plaintiff having been sustained by the court below, and the

plaintiff having declined further to amend, judgment was entered for the defendant, from which the appeal is taken. The action is to condemn certain land of the defendant to be used by the plaintiff for the purpose of a reservoir in which to store water.

It is alleged in the complaint that the plaintiff is a corporation organized and existing under the laws of the State, for the purpose of supplying the inhabitants of the cities of San Francisco and Oakland with pure fresh water, and for the purpose of supplying water for manufacturing and irrigation.

It is contended on behalf of the defendant, that under the provision of the Code of Civil Procedure, by virtue of which the present proceedings are had, authority is not given to condemn land to be used as a reservoir in which to store or impound water. It is true, as said by counsel, that in the enumeration of the public uses found in section 1238 of the Code of Civil Procedure, in behalf of which it is declared the right of eminent domain may be exercised, the word "reservoir" is not found, but in classifying the estates and rights in lands subject to be taken for public use, it is provided by section 1239 of the Code, that a fee-simple may be taken when needed "for public buildings or grounds, or for permanent buildings, for reservoirs and dams, and permanent flooding occasioned thereby, or for an outlet for a flow, or a place for the deposit of debris or tailings of a mine."

The supplying of the inhabitants of an incorporated city with pure fresh water is by section 1238 declared to be a public use, in behalf of which the right of eminent domain may be exercised, and section 1239 provides in effect that the entire estate, in a given piece of land, may be taken when needed for a reservoir in behalf of such use.

Although the complaint alleges that the defendant is a corporation organized under the laws of the State, for the purpose of supplying the city of Oakland and its inhabitants with pure fresh water, and that defendant is the owner of the property sought to be taken, it is not averred that the property in question is used by defendant in supplying Oakland or its inhabitants with water, or that it is appropriated to any other public use. Therefore, the point made by respondent's counsel that property appropriated to public use cannot be taken unless for

a more necessary public use than that to which it has been already appropriated, cannot arise on the demurrer.

Judgment reversed and cause remanded with directions to the court below to overrule the demurrer to the amended complaint, with leave to defendant to answer.

McKINSTRY, J., and McKEE, J., concurred.

Hearing in Bank denied.