[Civ. No. 1135.   Third Appellate District.—July 2, 1913.]

In the Matter of the Legality of the Bonds of Reclamation District No. 900; E. L. FURLONG et al., Respondents, v. REED ORCHARD COMPANY, Appellant.

RECLAMATION BONDS—PROCEEDINGS TO DETERMINE VALIDITY—PLEADING —ANSWER.—Section 3480 of the Political Code, which provides that in proceedings to determine the validity of bonds issued by a reclamation district any owner of lands in such district, or any person interested, may appear and answer the complaint, which answer shall set forth the facts relied upon to show the invalidity of the bonds, does not confine the right of such person to appear only for the purpose of raising and combating questions of fact, but merely describes in general terms the character of facts which the party answering the complaint shall set forth in order to tender an issue, the decision of which on a trial thereof will fully and definitively determine the important question in such case, viz., whether the bonds do or do not constitute a legal obligation of the district.

ID.—DEMURRER—WHETHER STATUTE DENIES RIGHT TO FILE.—The code section does not, by thus expressly giving an interested person the right to answer but not mentioning his right to demur, deprive him of the right to demur to the complaint. The canon of construction that the express mention in a statute of one thing necessarily excludes all other things which might appropriately be the subject of the statute, does not apply to such code section; for it must be presumed that the legislature had in mind the right which our general procedure gives to all litigants to demur to a pleading, and the constitutional requirement that procedure must apply alike in all actions at law or in equity, whether the same are in the nature of a special statutory proceeding, or otherwise.

ID.—DISPOSITION OF DEMURRER—PRESUMPTION ON APPEAL.—In case the default of all persons interested in such proceeding is entered, and an appeal is taken by one of the landowners who demurred to the complaint, it will be presumed, if the record is silent on the question, that the court decided and overruled the demurrer.

ID.—SUFFICIENCY OF COMPLAINT TO STATE CAUSE OF ACTION.—The complaint in such proceedings is sufficient to state a cause of action, if it alleges, though with not all the directness required in pleading, the existence of the reclamation district named in the complaint in the county of Yolo; that an election was duly called and held in said district at which the question was submitted to the landowners thereof whether there should be issued bonds of the district in a named amount, which was equal in amount to an assessment that had previously been authorized by the trustees of said district and

approved by the supervisors of the county of Yolo; that at said election the owners of all of the land in said district voted in favor of the issuance of said bonds, "and said bonds were in due and legal form and were duly and legally issued, executed and attested, with interest coupons attached thereto, and were on the 15th day of July, 1912, delivered to the county treasurer of the county of Yolo, state of California; that said bonds are of the denomination of one thousand dollars each and are payable as follows," then follows a statement of the dates of the payment of said bonds; that "said bonds are a valid, legal obligation of said Reclamation District, No. 900," etc.

APPEAL from a judgment of the Superior Court of Yolo County. N. A. Hawkins, Judge.

The facts are stated in the opinion of the court.

White, Miller & McLaughlin, Arthur C. Huston, and Harry L. Huston, for Appellant Reed Orchard Company.

A. L. Shinn, C. L. Shinn, and Elmer W. Armfield, for Respondent Reclamation District No. 900.

HART, J.—This action was instituted in the superior court in and for the county of Yolo by the trustees of the above named reclamation district for the purpose of securing a judgment of said court determining and decreeing that certain bonds issued by said reclamation district and delivered to the treasurer of Yolo County, on the fifteenth day of July, 1912, are a legal obligation of said district. This proceeding is authorized by section 3480 of the Political Code as said section was amended by the legislature of 1911. (Stats. 1911, pp. 648, 652.)

The complaint was filed on the seventeenth day of July, 1912, and, on the same day, summons was issued and, in accordance with the requirement of the statute under which the action was brought, published for a period of three weeks in the *Mail* of Woodland, a newspaper of general circulation. Within ten days after the last publication of the summons— the twelfth day of August, 1912—the Reed Orchard Company, a landowner within said reclamation district, interposed and filed a general demurrer to the complaint. On the third day of September, 1912, the plaintiff caused to be served upon

the attorneys for the Reed Orchard Company a notice that they "will, on Tuesday, the 10th day of September, 1912, at the hour of 10 o'clock A. M. of said day, or as soon thereafter as counsel may be heard, at the courtroom of said court, in the city of Woodland, county of Yolo, state of California, apply to the court for judgment in said proceedings validating the bonds of said Reclamation District No. 900." Upon said tenth day of September, 1912, the court made an order directing that the default of all interested persons be entered in the action and thereupon made and entered its decree decreeing the bonds referred to in the complaint are "a valid, legal obligation of said Reclamation District No. 900."

This appeal is from the judgment so entered upon the judgment-roll alone.

The contention of the appellant is that the court ordered the default of all interested persons, including the appellant, and entered its judgment thereupon without first rendering a decision upon the demurrer, and that thus the court committed error prejudicial to the rights of the appellant.

The respondents reply to that contention as follows: "1. That the record being silent as to any action taken by the court upon the demurrer, the presumption must be indulged that it duly decided and disposed of the same; 2. That appellant, having been duly notified that an application for judgment would be made, should have appeared and presented objections to proceeding in the premises, and that the failure of the appellant to appear on the day noticed for the hearing of the application for judgment must be deemed a waiver by it of the demurrer; 3. A default having been entered by order of the court, such action cannot be reviewed on the judgment-roll, in the absence of a bill of exceptions; 4. That the demurrer did not, under the statute, constitute a proper or legal appearance, the requirement being, as will presently be seen, that an *answer* be filed setting forth the facts upon which it is claimed that the bonds are illegal. The specific point involved in the last stated proposition is that, since the statute expressly provides that an "answer" must be filed, and so describes the character of the facts it must contain, excludes any other kind of an appearance and in consequence the right to present an issue of law by way of demurrer on the part of any interested person. It is

deemed proper as well as the more orderly to consider and dispose of this proposition first, inasmuch as counsel for the appellant contend with much force, and, we think, correctly, that, if, as the respondents insist, the statute contemplates or intends, in an action brought under the authority thereof, the deprivation of the right to the interposition of a demurrer to the complaint, or of a pleading which in effect answers to precisely the same thing, by an interested person, then the section authorizing such proceeding would be directly at cross purposes with article IV, section 25, subdivision 3, of the state constitution, which provides that "the legislature shall not pass local or special laws . . . regulating the practice of the courts of justice."

Section 3480 of the Political Code, after authorizing the trustees of a reclamation district, under the circumstances and conditions therein specified, to call and hold a special election at which there shall be submitted to the owners of land situated within the district the question whether bonds for the purposes of the district shall be issued, and after further providing that, upon a majority vote in favor of such issue, bonds in the amount voted for shall be executed in denominations of not less than one hundred nor more than one thousand dollars and delivered, together with the assessment-list, to the treasurer of the county in which the greater portion of the district is situated, reads as follows: "As soon as said bonds shall have been delivered to the treasurer of the county a proceeding may be commenced in the superior court of the county where the greater part of the district is situated, by the trustees of said reclamation district or any owner of land therein, to have it determined that said bonds are a legal obligation of such reclamation district. The complaint in said proceeding shall allege that on a date therein named bonds of such reclamation district were delivered to the said treasurer, stating the amount of such bonds, and praying that said bonds be adjudged to be a valid, legal obligation of such district. The summons shall be published . . . in the county where the action is pending. Within ten days after the last publication of the summons any owner of land in such district, or any person interested, may appear and answer the complaint, which answer shall set forth the facts relied upon to show the invalidity of said bonds.

If no answer shall be filed within said period the court shall enter judgment as prayed for in the complaint. If any person shall answer the complaint, the court must proceed as in other civil cases.''

It appears to be the view of counsel for the respondents that the legislature, having expressly provided for an answer by an interested person and omitted to make like provision for the right by such person to demur to the complaint, must be held to have intended, upon the rule of construction, *expressio unius est exclusio alterius*, that the right to combat the averments of the complaint by way of pleading should be exercised solely and only through and by means of an ''answer'' in the strict technical sense of that term as it is used and understood as a pleading. We cannot assent to that construction of the section.

While it is true that the section says nothing as to the right of an interested person to demur to the complaint and thus raise and submit issues of law, it must be true that the legislature did not intend thus to cut off the right of such person to take advantage in the usual way of a failure to state a cause of action under the statute or of a want of jurisdiction of the court to entertain and decide the ultimate question submitted, where such want of jurisdiction appeared upon the face of the complaint, or of any other defect in the complaint which may be inquired into under the challenge of a general or special demurrer. We take it that what was intended by the legislature by declaring that any interested person appearing in resistance to the action may do so by ''answer'' was not to confine the right of such person to appear only for the purpose of raising and combating questions of fact, but merely to describe in general terms the character of facts which the party answering the complaint should set forth in order to tender an issue, the decision of which on a trial thereof would fully and definitively determine the important question in such case, viz.: whether the bonds do or do not constitute a legal obligation of the district. In any event, since the right to raise and have tried and settled all questions of law involved in litigation is indispensably essential to any well regulated system of administering the law in courts of justice, and since that right is expressly given to all litigants by the law and our system of pleading and

procedure, a statute which, like the one in question, prescribes a special proceeding for the adjudication of certain issues, would have to contain language plainly and unmistakably indicative of an intention to deny to parties to such proceeding the right to demur to the complaint or otherwise bring into issue its sufficiency to entitle the plaintiffs to the relief sought before any court would hold or would be justified in holding that the legislature thus and thereby intended to foreclose the exercise of such right. There is nothing in the statute, other than an omission to refer therein in terms to a demurrer in connection with the provision as to the course which an interested person may adopt to counteract the effect of the averments of the complaint, indicating that the legislature intended to take away the right of such party to demur to the complaint, and if there was any such provision in the statute such provision would clearly contravene the provision of the constitution expressly enjoining the passage by the legislature of local or special laws regulating the practice of courts of justice. The canon of construction upon which the courts are authorized in many instances, in the construction of statutes and contracts, to hold that the express mention therein of one thing necessarily excludes all other things which might appropriately be the subject of such statutes or contracts, cannot with the least show of reason be held to apply in the construction of the language of the statute in question. To the contrary, it must be presumed that the legislature, when employing the language referred to, not only had in mind the right which our general procedure gives to all litigants to demur to a pleading—a right without which a system of pleading and practice would be singularly defective, unless the office of a demurrer were otherwise supplied therein—but also had in view the provision of the constitution requiring our procedure to apply alike in all actions at law or in equity, whether the same were in the nature of a special statutory proceeding, or otherwise.

It may be suggested, however, that it is possible that the legislature intended that the term "answer," as used in the statute, should not be confined or limited to its strict technical sense, but that the intention really was that an interested party might, at one and the same time or in the same pleading, or in such "answer," set forth any fact, whether it

presented a question of fact or of law for decision, upon which he might rely to disclose the invalidity of the bonds, or the insufficiency of the facts to state a case under the statute or a want of jurisdiction in the court to hear and determine the proceeding. In that view of the section, it would obviously be immaterial whether the answer in effect constituted a demurrer or an answer in the strict legal sense of that term or both. But, however that may be, we are, as before stated, firmly of the opinion that the legislature intended, as to actions instituted under and by the authority of said section, no such absurd situation as would result in compelling an "interested person" to answer a complaint which either utterly fails to state a cause of action under the statute or whose averments are of such a character as to render it uncertain, ambiguous, or unintelligible, or to submit the trial of the questions of fact to a jurisdiction which upon the face of the complaint clearly appeared to be usurped or wanting.

We are now brought to a consideration of the question, viz.: Is it affirmatively made to appear in the record that the action of the trial court was, in any particular, characterized by error prejudicial to the vital rights of the appellant? An examination of the record compels a negative reply to this question.

The record furnishes no evidence affirmatively disclosing what disposition, if any in fact, the court made of the demurrer. The record is, in other words, absolutely silent with respect to that matter. The result is that this court is required to indulge the presumption that the court decided and overruled the demurrer, the settled rule being that if the record does not show what the action of the court was it will be presumed to have been regular and correct. Or as the rule is stated in Hayne on New Trial and Appeal, section 285, upon the authority of the numerous cases cited in the footnotes thereof: "On appeal all intendments are in favor of the regularity of the action of the trial court. Errors will never be presumed, and the burden is upon the appellant to show that it exists. There must, therefore, be a record on appeal to make the facts upon which error can be deduced appear to the appellate court; and since the presumption stated is against the appellant, the burden of preparing such a record is cast upon him. . . . If the judgment-roll (where

the appeal is on the judgment-roll alone) does not itself disclose the error complained of, it is incumbent upon the appellant to make a showing *de hors* such judgment-roll. This can be done in no other way than by a bill of exceptions, or, in case of a new trial order, a statement. This is the record of which it is said error must be affirmatively shown therein, and it must contain everything necessary to make the error apparent; for if anything should be wanting the omission would be fatal.'' As stated, there is here no bill of exceptions or other authenticated record showing what, if anything, the court did with the demurrer.

The case of *Smith* v. *Clyne*, 16 Idaho, 466, [101 Pac. 819], is strikingly similar to the case at bar. There, as here, the record on appeal failed to disclose what disposition, if any, was made by the trial court of the demurrer and a motion addressed to the complaint, the latter also raising issues of law, which were filed by the defendant, the appeal having been from a judgment entered on the default of the defendant. It was held that, while the defendant was not in default until the issues of law raised by the demurrer and motion were disposed of, ''this court will presume, in the absence of a showing to the contrary, that the probate court acted upon the demurrer and motion and overruled the same. This presumption we think is to some extent supported by the record showing that the defendant was in default. If the demurrer and motion had not been disposed of, then the defendant was not in default; but the probate judge entered a default, and this presupposes that the demurrer and motion had been acted upon and overruled and no answer made.'' (See *Loftus* v. *Fischer*, 106 Cal. 616, [39 Pac. 1064]; *Hoeft* v. *Supreme Lodge K. of H.*, 113 Cal. 94, [33 L. R. A. 174, 45 Pac. 185]; *Guthrie* v. *Phelan*, 2 Idaho, 95, [6 Pac. 107], Hayne on New Trial and Appeal, p. 1575, and California cases therein cited.)

Furthermore, while the complaint would no doubt be held to be faulty under the test of a special demurrer, its averments are sufficient to overcome the claims of a general demurrer, and the demurrer interposed being upon general and not upon special grounds, it was destitute of merit. The complaint alleges, though not with that directness required in pleading, the existence of the reclamation district named in the complaint in the county of Yolo; that an election was duly called

and held in said district at which the question was submitted to the landowners thereof whether there should be issued bonds of the district in a named amount, which was equal in amount to an assessment that had previously been authorized by the trustees of said district and approved by the supervisors of the county of Yolo; that at said election the owners of all of the land in said district voted in favor of the issuance of said bonds, "and said bonds were in due and legal form and were duly and legally issued, executed and attested, with interest coupons attached thereto, and were on the fifteenth day of July, 1912, delivered to the county treasurer of the county of Yolo, state of California; that said bonds are of the denomination of one thousand dollars each and are payable as follows," then follows a statement of the dates of the payment of said bonds; that "said bonds are a valid, legal obligation of said Reclamation District No. 900," etc. As stated, the foregoing averments sufficiently state a cause of action in the proceeding authorized and required by the statute, and thus it appears that in no event can the appellant, as to the matter of the demurrer, claim prejudice to its rights. Moreover, the fact that the complaint states facts sufficient to withstand the force of a general demurrer would, it seems, in some degree strengthen the presumption that the court acted upon the demurrer and overruled it.

The judgment is affirmed.

Chipman, P. J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 30, 1913.