[L. A. No. 16173.   In Bank.—September 23, 1937.]

H. & J. MABURY COMPANY (a Corporation), Respondent,
v. CALHOUN BRYANT, as Administrator, etc., Appellant.

Lelia R. Leep and William Shutz for Appellant.

Leib & Leib, McCutchen, Olney, Mannon & Greene and W. B. Beaizley for Respondent.

WASTE, C. J.—In October, 1931, plaintiff Mabury Company brought this action to quiet title to some 1260 acres of

land located in Kern County. In December, 1931, the defendant, administrator of the estates of Berryman Bryant and Henriette F. Bryant, both deceased, answered and also cross-complained, asserting an interest in and seeking to quiet title to about 17,920 acres of land, called the Antelope ranch, which included within its borders the 1260 acres described in plaintiff's complaint. In April, 1936, the original defendant administrator having died, there was a substitution of a new defendant administrator. In May, 1936, plaintiff filed an answer to defendant's cross-complaint, claiming title to all the land described therein save about 320 acres, and praying that its title thereto be quieted.

After further proceedings in the cause, wherein a demurrer to the answer to the cross-complaint was overruled, and the trial date was set, defendant, on September 11, 1936, moved for a continuance on the ground that there were two other causes of action pending between the same parties as to the same subject-matter, and also moved that he be allowed to amend his answer and cross-complaint to include a second cause of action for an accounting of rents, issues, and profits of the property. The court denied the motion, with the proviso that if it should develop on the trial on the merits that an accounting would be advisable and necessary, then a continuance should be granted for the hearing of that part of the action. Defendant thereupon, on September 15th, filed notice of appeal from the order denying him a continuance of time of trial and the right to amend his pleadings. The following morning, September 16th, the cause was called for trial on the merits. Plaintiff appeared for trial. Counsel for defendant appeared *"Generally and only* for the purpose of objecting to the trial . . . on the grounds that there is an appeal pending from a denial of a motion for continuance.'' After argument defendant's objections to proceeding were overruled and the trial proceeded, neither defendant nor his counsel making an appearance at the afternoon session of court. At the close of the trial the court made findings in favor of plaintiff and on September 28, 1936, gave judgment quieting plaintiff's title to both the property described in its complaint and that claimed by its answer to defendant's cross-complaint. On September 30th defendant made a motion, supported by affidavit of counsel, to set aside the judgment under section 473 of the Code of Civil Procedure, on the

ground of mistake in believing that the order denying a continuance and leave to amend was an appealable order so that the pendency of the appeal deprived the trial court of jurisdiction to proceed with the trial. On October 21st this motion to vacate under section 473 was denied. On November 6, 1936, defendant gave notice of appeal: (1) from the judgment; (2) from the order of September 11th denying a continuance and leave to amend the answer and cross-complaint prior to trial; and (3) from the order of October 21st denying the motion to set aside the judgment.

A typewritten clerk's transcript on appeal was filed on December 21, 1936, which contained, in addition to a transcript of the judgment roll, improperly included affidavits and other matters pertaining to the motion to vacate, which are extraneous to the judgment roll and form no part of the clerk's transcript.

On March 2, 1937, the cause was before this court on motions of both plaintiff and defendant. Defendant sought to strike the cross-complaint and answer thereto, which would reduce the area of the land in issue to that described in the complaint. He also moved for diminution of record for the purpose of bringing in certain depositions and other matters claimed to have been inadvertently omitted from the record on appeal. Plaintiff moved for dismissal of all the appeals. The motion for diminution of record was denied, and by oral stipulation of defendant's counsel, the appeals, other than the appeal from the judgment and the appeal from the order denying motion to vacate and set aside judgment, were dismissed. The motion to dismiss as to the two latter appeals was submitted. Thereafter, on May 17, 1937, this court rendered its decision dismissing the appeal from the order denying the motion to vacate and set aside the judgment, but denying the motion to dismiss the appeal from the judgment. (*Mabury* v. *Bryant,* 8 Cal. (2d) 704 [68 Pac. (2d) 359].) This court held that the improperly included matter in the clerk's transcript did not destroy it as a clerk's transcript of the judgment roll and, so far as the appeal from the judgment was concerned, suggested that if it was not substantial, motion could be made, after the filing of appellant's opening brief, to dismiss the appeal or affirm the judgment. Thereafter the opening brief was filed and the cause is here before this court on motion of plaintiff. to dis-

miss the appeal on the judgment roll from the judgment, or to affirm the judgment, upon the ground that the questions presented are so unsubstantial as to require no further argument.

Appellant's opening brief states five questions on appeal, the last three of which attack the correctness of the rulings made on appellant's motion for a continuance, to amend his pleadings, and to vacate the judgment under section 473, *supra*. A disposition of these matters adverse to appellant's contentions has already been made, as above shown. A consideration of the first two questions requires a brief statement of the facts found by the trial court which, on this judgment roll appeal, are assumed to be supported by the evidence.

The trial court found that certain described land, which it denominated the "Mabury property", and which comprises practically all of the property in issue, had for more than 28 years last past been owned by and in possession of plaintiff Mabury Company, a California corporation formed some 38 years ago, with its principal place of business in Santa Clara County. The court found that Berryman Bryant died July 15, 1898; that Henriette F. Bryant died June 13, 1902; that on September 30, 1931, William G. Bryant, the original defendant herein, was appointed administrator of the estates of said decedents; that he died on February 17, 1934, and on January 14, 1935, Calhoun Bryant was appointed administrator in his stead and is now the defendant herein. The court found that the claim to the Mabury property of said defendant as such administrator was wholly unfounded; that Berryman Bryant was not at the time of his death the owner of said property, nor had he or his administrator had for more than 50 years last past any right, title, or interest in and to said property, or to possession thereof.

The court further found that plaintiff had a good and valid title in fee simple to said property, deraigned duly and regularly from paramount source of title, and further that plaintiff entered into possession of said property under claim of title, exclusive of other right, founded upon a written conveyance from Hiram Mabury and Josephine Mabury, his wife, made, executed, and delivered to plaintiff May 14, 1903, and that plaintiff had ever since been in the continuous, open, notorious and adverse occupation and possession of said property; that the property was not divided into lots and plaintiff

had, during said period, usually improved the land and used it for pasturage of livestock thereon, for which purpose only it was suitable; that prior to said May 14, 1903, for more than 12 years, Hiram Mabury, the immediate predecessor in interest of plaintiff, was in the continued open, notorious, and adverse possession of said property, and that said property was assessed solely to and all taxes were paid thereon by Hiram Mabury from 1887 to 1902, both years inclusive; that since 1902 the property had been assessed solely to and all taxes had been paid thereon by plaintiff. The court also found that this present action was not barred by the prior action above referred to, filed October 14, 1931, which action was dismissed as to plaintiff herein on March 28, 1936.

Appellant contends that "the statute of limitations does not begin to run against the heirs of an estate where no administrator has been appointed and where the cause of action did not accrue until after the death of the ancestor", or, in other words, that in this case the period of adverse possession could not start to run against the Bryant estates until administration was taken out. The rule does not appear to be as stated by appellant (1 Cal. Jur., p. 519 et seq., sec. 20), but, moreover, even if it were so, it would be inapplicable here as the court found that plaintiff had good record title as well as good title by adverse possession completed in plaintiff's predecessor prior to the death of the Bryants, with conveyance of such title to plaintiff, which continued in possession. There is no inconsistency, as claimed by appellant, between the finding of good record title and the finding of good title by adverse possession. Taken together these findings declare a complete interest in the property, whether deraigned from record title or from adverse possession, to be in plaintiff.

Appellant's other contention is that "the trial court has no jurisdiction of the subject-matter of a cross-complaint and answer thereto in a quiet title action where more and different land is claimed by the defendant in such cross-complaint than was set out in the original complaint". This contention is likewise without merit. In an action to quiet title relief may be awarded respecting additional land, including part or all of the land with which plaintiff's complaint is concerned, brought into issue by cross-complaint and answer thereto praying for affirmative relief and for the quieting of

title in plaintiff as to said additional land. (*Stockton Sav. & Loan Soc.* v. *Harrold,* 127 Cal. 612 [60 Pac. (2d) 165]; *Brown* v. *Luddy,* 121 Cal. App. 494 [9 Pac. (2d) 326]; 9 Cal. Jur. Supp., pp. 698, 699; *Hough* v. *Wright,* 127 Cal. App. 689 [16 Pac. (2d) 301].)

The judgment is affirmed.

Shenk, J., Curtis, J., Langdon, J., Edmonds, J., and Seawell, J., concurred.

Rehearing denied.