[Civ. No. 13616. Second Dist., Div. Three. Apr. 14, 1943.]

THE PEOPLE ex rel., DEPARTMENT OF PUBLIC WORKS, Respondent, v. BUELLTON DEVELOPMENT COMPANY, INC., (a Corporation) et al., Defendants; BEATRICE E. COBB et al., Appellants.

180

W. P. Butcher for Appellants.

Holloway Jones, Clifford D. Good, George C. Hadley, Lincoln V. Johnson, Francis J. Carr and Jack M. Howard for Respondent.

SHAW, J. pro tem.—Plaintiff brought this proceeding to condemn land for a state highway, seeking by the complaint to take the fee of the land, as it was authorized to do by sections 102 and 104 of the Streets and Highways Code. The appellants, who were made defendants, filed an answer and also a cross-complaint. By this cross-complaint the appellants alleged that they had certain easements covering a part of the land to be condemned and other land, and for the protection of these easements they sought relief against several of their co-defendants, as well as the plaintiff. A demurrer filed by plaintiff to this cross-complaint was sustained, and on plaintiff's motion the cross-complaint was then stricken out. Some of the other defendants to the cross-complaint also made a motion to strike the cross-complaint, but their motion does not appear to have been acted on. The appeal before us is from the order striking out the cross-complaint.

The respondents have raised no question regarding the right of appellants to appeal from this order, but we have given some consideration to that question and conclude that the order is in effect a final judgment and hence is appealable. Had the cross-complaint been aimed at the plaintiff alone, the case would have been within the ruling in *Yandell* v. *City of Los Angeles*, (1931) 214 Cal. 234 [4 P.2d 947], and other like cases, and no appeal would lie from the order striking it out, the defendant filing it being left to an appeal from the judgment finally rendered. But as to the other defendants to the original action, against whom the cross-complaint was filed, the case is the same as *Howe* v. *Key System Transit Co.*, (1926) 198 Cal. 525, 533 [246 P. 39], where it was held that, as to such defendants, an order striking out a cross-complaint is a final judgment, in legal effect, and therefore is appealable. This case was not overruled in *Yandell* v. *City of Los Angeles, supra,* but merely distinguished by reason of the difference just stated in the facts.

The appellants, in their cross-complaint, alleged that they were the owners of a large tract of land, which, as far as we can discover from the record, did not include any part of the land which plaintiff sought to condemn by its complaint. The cross-complaint further alleged, however, that, as appurtenant to said tract of land, appellants owned easements over described parcels of land belonging to the defendants Gregersen and California Diatomite and Asphalt Corporation, which parcels did include a part of the land

sought to be condemned by plaintiff; that said easements were for the purpose of allowing cattle to pass between appellants' land and Zaca Creek, where they were accustomed to water and rest; that in the space covered by said easements there were two cattle passes built by the plaintiff under the existing state highway, which cattle used in going to Zaca Creek; that plaintiff and defendants Gregersen claimed that the defendants Gregersen had the sole right to use the southerly of said two cattle passes, which was on land owned by them subject to the state highway easement, and denied that appellants had any right therein or to any of the easements alleged to be owned by appellants over the Gregersen land and had conspired to exclude appellants from the use of said easements; that the defendant California Diatomite and Asphalt Corporation denied that appellants had any right in that portion of said easements of appellants which extended over its land and threatened to shut off the northerly of said cattle passes and to tear down fences, so making appellants' easement useless. The cross-complaint further alleged that a controversy existed between appellants and these other defendants and the plaintiff with relation to appellants' rights in these easements, giving details of it, and that all the cross-defendants had torn down appellants' fences, and otherwise trespassed on its easements, to its damage in the sum of $2,500, and prayed for a judgment quieting appellants' title to these easements against plaintiff and the other defendants and granting it declaratory relief to the same effect, and also for the fixing of the amount to be paid appellants for the taking of their easements, and for general damages in the sum of $2,500. For the purpose of determining the propriety of the cross-complaint we must accept its allegations, which we have thus summarized, as true.

The situation then resolves itself down to this: The plaintiff has made appellants parties to this action for the purpose of condemning their easement in the land which plaintiff desires to take for a state highway; plaintiff's declared intention of taking the fee, with no reservation or exception of any easement in appellants, will, when carried into a decree of condemnation, completely end appellants' present easement, so far as the land described in the complaint is concerned; and since that land intervenes between appellants' land and Zaca Creek, where, according to the cross-complaint, appellants' cattle go for water by using the easement, it will apparently deprive appellants of any practical use of the

entire easement. ■ Such an easement is property which cannot be taken or damaged for public use without payment of compensation. (*Erro* v. *City of Santa Barbara,* (1932) 123 Cal.App. 508, 512 [11 P.2d 890]; *McCandless* v. *City of Los Angeles,* (1931) 214 Cal. 67, 71 [4 P.2d 139].) ■ According to the cross-complaint, appellants' ownership of this easement is disputed, not only by plaintiff, but by the other defendants named, and appellants by their cross-complaint are attempting to have it determined that they do own the easement and have the extent of it fixed. As against the plaintiff, this cross-complaint was not maintainable, and the demurrer to it was properly sustained.

■ Eminent domain, or condemnation, proceedings are provided for by title VII, part III, of the Code of Civil Procedure, in which is included section 1256 providing: "Except as otherwise provided in this title, the provisions of part two of this code are applicable to and constitute the rules of practice in the proceedings mentioned in this title." Part II, here referred to and adopted, includes the general rules of practice in civil actions, one of which is section 442 authorizing cross-complaints, as follows: "Whenever the defendant seeks affirmative relief against any party, [1] relating to or depending upon the contract, transaction, matter, happening or accident upon which the action is brought, or [2] affecting the property to which the action relates, he may, in addition to his answer, file at the same time, or by permission of the court subsequently, a cross-complaint." (Numbers inserted by us.) The first alternative stated here, sometimes called the "transaction" clause because it originally referred only to a transaction, is not applicable to a condemnation proceeding, for no transaction or other subject matter now referred to in that alternative is involved in such a proceeding. Such a proceeding is, however, within the second alternative, for it relates to property, that is, the property which the plaintiff seeks thereby to acquire. Consequently, a defendant may file a cross-complaint affecting that property, except of course, as the provisions of the title on eminent domain otherwise provide.

■ They do otherwise provide as far as the plaintiff is concerned. Section 1246, which is a part of that title, provides that each defendant must, *by answer,* set forth his estate or interest in the property sought to be condemned and the amount he claims as damages by reason of its taking; section

1248 declares what items of damages are recoverable, so as to include the value of the land to be taken and the damages to the remainder of any larger parcel of which it is a part. Section 1247 empowers the court to pass on conflicting claims to the property to be condemned, and section 1246.1 entitles the plaintiff to have the whole award determined as between the plaintiff and all defendants claiming any interest in the property sought to be condemned, leaving the segregation of these amounts among the defendants to be made later. Thus the appellants here could obtain, without a cross-complaint, a determination, as against the plaintiff, of the existence and extent of their easements and the amount to be paid them for their taking and damage. The clear implication from the provisions which enable this to be done by answer is that no cross-complaint is to be filed for the same purpose.

■ Appellants claim, however, that the cross-complaint states elements of damage against plaintiff, arising from trespass on their easements, which are not recoverable as a part of the damages for the taking of the property and hence the cross-complaint is necessary; but so regarding it, it is an effort to sue the State in a case where it has not consented to the suit. This cannot be done. (23 Cal.Jur. 578; *State* v. *Royal Cons. Min. Co.,* (1921) 187 Cal. 343, 347 [202 P. 133].) Since, by the premise of this argument, these damages do not flow from the taking of the property for public use, authority, if any exists, for their recovery does not come from sec. 14, art. I of the California Constitution, providing for compensation when property is taken or damaged for public use, and appellants' action therefor is not within the ruling in *Rose* v. *State of California,* (1942) 19 Cal.2d 713, 724 [123 P.2d 505], that the constitutional provision just referred to is self-executing and operates to grant consent for a suit against the state to recover compensation for such a taking. Section 688 of the Political Code, which authorizes suit against the state on express contract or for negligence, of course does not cover a case of trespass. Other statutes exist consenting to suits against the state, but appellants cite none and we know of none which authorizes a suit for a trespass or other willful tort. The code provision for cross-complaints, even where applicable, does not amount to a consent by the state to the filing of a cross-complaint in an action filed by it. (*State* v. *Royal Cons. Min. Co., supra,* (1921) 187 Cal. 343, 347.)

■ Appellants further urge their right to maintain the cross-complaint against the plaintiff insofar as it seeks to quiet their title to the easements or asks for declaratory relief. Since plaintiff seeks to condemn the land in fee, the question of title to the land taken is material only to the question of damages to be awarded and may be presented by answer. The same is true of appellants' right to the easement over other land, so far as it is a part of the same easement. Appellants may assert their title by answer for the purpose of obtaining an award of damages to the part of the easement not taken. The maintenance of the cross-complaint to obtain declaratory relief against plaintiff is not within the decision in *Hoyt* v. *Board of Civil Service Comrs.*, (1942) 21 Cal.2d 399 [132 P.2d 804], on which appellants rely. That case holds that laws relating to declaratory judgments affect practice and procedure only and that an action for declaratory relief may, under some circumstances, be maintained against the state, but it limits the right to a case where ''an acceptance of liability and subjection to suit on the part of a sovereign body is found elsewhere in the statutes of the state and the declaratory judgment procedure is not barred by the provisions of the waiver of immunity. . . .'' (21 Cal.2d 403.) There being no statute by which the state accepts any such liability as the cross-complaint here seeks to enforce against it, the cross-complaint cannot be maintained as one for declaratory relief.

For the foregoing reasons, we regard the order sustaining plaintiff's demurrer to the cross-complaint as correct, although it is not in question on this appeal, and had the cross-complaint been directed at plaintiff alone, the order striking it would also have been proper. ■ But an order like that here, striking a cross-complaint as a whole, can properly be made only if the cross-complaint as a whole is improper for any purpose. The motion to strike could not be used to raise questions of uncertainty or of misjoinder or other matters which might afford proper grounds of demurrer. (*Allerton* v. *King*, (1929) 96 Cal.App. 230, 234 [274 P. 90].)

■ Here the cross-complaint prayed for relief against several of the defendants to plaintiff's action by way of quieting title to the easement claimed by appellants. This easement covered a part of the land to which the action re-

lated, that is, the land which plaintiff sought to condemn, and the relief demanded by appellants therefore affected that land, and was within the permission for cross-complaints granted by section 442 of the Code of Civil Procedure.

█ Plaintiff argues that this is a special proceeding in which the court exercises a limited and statutory jurisdiction, and it should be confined to issues directly connected with the judgment sought by the condemnor. Whether it should be so confined is a matter of legislative discretion, with which the courts are not concerned. Here the legislative provisions, according to their literal and obvious construction, do sanction the cross-complaint, as against other defendants. We think such construction of them is also in harmony with the general legislative plan and in furtherance of its purposes. As already stated, section 1247, Code of Civil Procedure, authorizes the court in an eminent domain proceeding to hear and determine all adverse or conflicting claims to the property sought to be condemned and the damages therefor, and section 1246.1 declares that the plaintiff is entitled to have an award made for the property as a whole, as between plaintiff and all defendants claiming any interest in it, and that thereafter "the respective rights of such defendants in and to the award shall be determined by the court, jury, or referee and the award apportioned accordingly." Both of these provisions contemplate the framing of issues between defendants whose claims to the property may be conflicting. The ordinary mode of framing such issues is not by answer; indeed, upon the usual form of answer in an ordinary action it is not proper to render a judgment determining the rights of defendants between themselves. (*Tanaka* v. *Highway Farming Co.,* (1926) 76 Cal.App. 590, 594 [245 P. 434].) On the other hand, the code provision for cross-complaints (Code Civ. Proc., sec. 442) is directed to the case where a defendant seeks affirmative relief against *any party* and thus directly covers the case where one defendant desires to proceed against another; and it provides for adequate notice to such other defendant of the demand against him and for an opportunity for him to plead to it. The provision for an answer in eminent domain cases requires the defendant to set forth therein his estate or interest in the property to be condemned, but it makes no provision for service thereof upon another defendant who may have a conflicting claim,

or for the framing of issues upon such conflicting claims. No doubt a statute could raise such issues without pleadings, and it would probably be within constitutional limits if it required that a defendant, after service of process to bring him into the action, should without further service of notice upon him, be charged with notice of adverse claims made upon him, in regard to the subject matter of the action, by the pleadings filed by any of the parties thereto. But this would be an uncertain and inconvenient procedure for framing and trying such issues, and we see no reason for placing such a construction upon a statute if another more reasonable one is permitted by its language.

Plaintiff has cited cases holding that no cross-complaint is permitted in unlawful detainer proceedings and argues that they are applicable here, calling our attention to the fact that section 1177 of the Code of Civil Procedure, which governs such proceedings, is the same as section 1256 above cited as relating to eminent domain proceedings, in its provisions adopting the general rules of practice for such special proceedings except as otherwise provided. The earliest reasoned statement of the rule in unlawful detainer proceedings appears to be in *Knight* v. *Black,* (1912) 19 Cal.App. 518, 527-528 [126 P. 512], where it is put upon the ground that unlawful detainer was intended to provide a summary remedy for restitution of premises unlawfully withheld by tenants, which would be frustrated by the interposition of the defenses usually permitted in ordinary cases at law. This line of reasoning is not applicable to a proceeding where the property of a defendant is being taken from him against his will. However special the proceeding it should not be so summary that the court cannot take the time to investigate any issue reasonably relevant to its purpose which a defendant may raise. The defendant in such a case has rights of a higher nature than those of a tenant unlawfully withholding property from his landlord.

One of the cases cited by plaintiff is *Schubert* v. *Lowe,* (1924) 193 Cal. 291 [223 P. 550], where it was held that the provision of section 1170 of the Code of Civil Procedure that the defendant in unlawful detainer proceedings "may appear and answer or demur" in effect "limits the defendant to an answer or demurrer" and is therefore inconsistent with the general rules of practice adopted by section 1177,

and prevents a defendant in such a proceeding from filing a cross-complaint. Since section 1246, Code of Civil Procedure provides that in an eminent domain proceeding "Each defendant must, by answer, set forth his estate or interest in each parcel of property described in the complaint" etc., it is argued that this is also an exclusive provision and prevents a defendant from filing any other pleading. The same reasons do not exist here as in *Schubert* v. *Lowe, supra,* for reaching such a conclusion. As already suggested, an eminent domain proceeding, while special, is not analogous to one in unlawful detainer. Here, the constitutional right of the landowner is involved, and it should have full consideration and protection without undue haste. There, the tenant is seeking to delay the surrender of possession which is obligatory upon him by an inquiry into other matters which cannot avert the surrender. If haste is essential to the needs of the plaintiff in eminent domain such plaintiff can, with some exceptions, obtain an order for immediate possession, under section 14 of article 1 of our Constitution, without awaiting the termination of proceedings.

The statutory provision under consideration in *Schubert* v. *Lowe, supra,* appears from its very wording to be intended as a list of defendants' pleadings. Section 1246, Code of Civil Procedure, has no such appearance. It purports merely to provide what the contents of the answer shall be. (See *Matter of Bonds of Reclamation Dist.* 900, (1913) 22 Cal.App. 439, 443 [134 P. 726], giving that effect to a statute providing for appearance by "answer" in a special proceeding.) It does not even mention a demurrer, as does the provision construed in *Schubert* v. *Lowe, supra.* According to plaintiff's argument, this omission would operate to deny a defendant the right to demur, in an eminent domain proceeding. The actual practice, however, has been to the contrary. Defendants filed demurrers to the complaints and upon them the rights of the plaintiffs to proceed were determined, in *County of Sutter* v. *McGriff,* (1900) 130 Cal. 124 [62 P. 412]; *County of Sonoma* v. *Crozier,* (1897) 118 Cal. 680 [50 P. 845]; *Lake Pleasanton Water Co.* v. *Contra Costa Water Co.,* (1885) 67 Cal. 659 [8 P. 501]; and *Stratford Irrig. Dist.* v. *Empire Water Co.,* (1941) 44 Cal.App.2d 61 [111 P.2d 957]. It appears that demurrers had been filed in the proceedings involved in *Harrington* v. *Superior Court,* (1924) 194 Cal. 185, 187 [228 P. 15], and *City of San Diego* v. *Cuyamaca*

*Water Co.,* (1930) 209 Cal. 152, 155 [287 P. 496]. While none of these decisions passed upon the right to file a demurrer, they constitute a longstanding recognition of its propriety, which could hardly have occurred if section 1246 cut off the right to demur.

 Plaintiff argues that a cross-complaint cannot be permitted in an eminent domain proceeding because it would prevent the abandonment of the proceeding, and the consequent dismissal, authorized by section 1255a of the Code of Civil Procedure. This effect of such a cross-complaint, it is argued, would follow from the provision of section 581 of the Code of Civil Procedure which forbids a voluntary dismissal by the plaintiff in an action where affirmative relief is sought by cross-complaint. The argument is not sound. Section 581 is one of the rules of practice in civil actions which apply to eminent domain proceedings only by virtue of their adoption therefor by section 1256 of the Code of Civil Procedure, above quoted, and only insofar as not otherwise provided in the title on eminent domain. Since it is ''otherwise provided'' in section 1255a, a part of that title, the provision of section 581 just referred to is not applicable and does not forbid the abandonment of such a proceeding by the plaintiff even though there is a cross-complaint. The issues raised on a cross-complaint are severable from those upon the original complaint, and apparently the case could proceed upon the cross-complaint after plaintiff's abandonment (see *Pacific Finance Corp.* v. *Superior Court,* (1933) 219 Cal. 179 [25 P.2d 983, 90 A.L.R. 384]), but we need not so decide at this time, as there is nothing in the record before us to show such an abandonment.

 Plaintiff objects that the cross-complaint covered other land than that to be condemned, as described in the complaint, and raised issues as to the title to such other land. But it is well established that in an action involving land as its subject matter, a cross-complaint affecting that land and also other land may properly be filed, where the cause of action set up therein affects such other land and that described in the complaint as a unit, or in such manner that one cannot be separated from the other without prejudice to the party filing the cross-complaint. (*Stockton Sav. & Loan Sec.* v. *Harrold,* (1900) 127 Cal. 612, 618 [60 P. 165]; *Newhall* v. *Bank of Livermore,* (1902) 136 Cal. 533, 535 [69 P. 248];

*Tonini* v. *Ericcsen,* (1933) 218 Cal. 43, 47 [21 P.2d 566]; *H. & J. Mabury Co.* v. *Bryant,* (1937) 9 Cal.2d 586, 590 [71 P.2d 1111]; *Brown* v. *Luddy,* (1932) 121 Cal.App. 494, 507 [9 P.2d 326]; *Halterman* v. *Pacific Gas & Elec. Co.,* (1937) 22 Cal.App.2d 592, 594 [71 P.2d 855].) The cross-complaint here comes well within this rule. The appellants, having been brought into court in a proceeding which necessitates a determination of the existence and extent of their claimed easement as between them and the plaintiff, are entitled to have a determination which will be binding on the other defendants also, as owners of the servient tenement. The fact that appellants' claim is only of an easement does not prevent them from maintaining their cross-complaint for that purpose. (*Tonini* v. *Ericcsen, supra; Halterman* v. *Pacific Gas & Elec. Co., supra.*)

The order striking appellants' cross-complaint is reversed.

Shinn, Acting P. J., and Wood (Parker), J., concurred.