[Civ. No. 8081. First Appellate District, Division One.—April 9, 1932.]

ALBERT A. MOLFINO, Respondent, v. PIETRO PIPPO, Appellant.

M. Martino and John L. McVey for Appellant.

A. L. O'Grady, Gilbert D. Ferrell and Fred W. Comba for Respondent.

ROBINSON, J., *pro tem.*—This action was commenced in the Superior Court of San Mateo County, California, on a promissory note for $400, dated April 6, 1926. The note was dated "San Francisco", and was made payable to the plaintiff at San Francisco, California, four months after its date. The action was commenced July 22, 1930.

An amended complaint was filed on October 15, 1930, which alleged that "at all the times herein mentioned the plaintiff was and now is a resident of the County of San Mateo, State of California", and that during all of said times "the defendant was and now is a resident of the County of Contra Costa, State of California". It was further alleged as follows: "That on the 6th day of April, 1926, the defendant, in the County of San Mateo, State of California, made and delivered to the plaintiff his promissory note in the words and figures" set forth in said amended complaint.

The defendant demurred as follows: "Now comes the defendant, and demurs to the amended complaint of plaintiff on file herein and, for grounds of demurrer, specifies and alleges:

"1. That the above entitled court has no jurisdiction of the *person* of the defendant or the *subject* of the action;

"Wherefore defendant prays that he be hence dismissed without day and with his costs of suit." (Italics ours.)

The demurrer was overruled and defendant answered, admitting the residence of the plaintiff and defendant and that the note was made and delivered in San Mateo County

as pleaded, but alleging that "at all times mentioned in said amended complaint the plaintiff had and maintained law offices in the City and County of San Francisco, State of California"; denied that $200 or any part thereof was a reasonable sum of money to be allowed to plaintiff for and as attorneys' fees; does not deny nonpayment of principal or interest or attorneys' fees, but does deny that plaintiff is the owner and holder of the note.

Defendant pleaded affirmatively that the said court had no jurisdiction of the subject of the action, and that the same was barred by the statute of limitations under the provisions of section 337 of the Code of Civil Procedure, and prayed that plaintiff take nothing by his action.

The case went to trial, and the court found that all the allegations of the amended complaint were true, except—

1. That $100 was allowed for attorneys' fees; and

2. That it was not true that the court had no jurisdiction of the subject matter of the action, and was not true that the cause of action was barred by the provisions of said section 337 of the Code of Civil Procedure, and gave judgment, including interest, for the sum of $624.60 and costs.

The testimony of the plaintiff shows without contradiction that all of the allegations of the amended complaint are true. No evidence was offered by the defendant.

The appearance by general demurrer and by answer without "specially appearing" is a general appearance as to the *person*.

In *Olcese* v. *Justice's Court*, 156 Cal. 82 [103 Pac. 317], a demurrer was filed reading as follows: "The defendant in the above-entitled action, specially appearing for said purpose, demurs to the complaint in said action on the ground that the court has no jurisdiction of the person of this defendant or of the subject-matter of said action. Wherefore said defendant prays to be hence dismissed with his costs herein incurred." The demurrer was overruled. The defendant declining to amend, judgment by default was entered against him. The judgment was affirmed on appeal to the superior court. Thereupon the defendant sued out *certiorari* to review the judgment of the justice's court. Other matters were considered, not germane here. The court, at page 87, says: "If a defendant wishes to

insist upon the objection that he is not in court for want of jurisdiction over his person, he must specially appear for that purpose only, and must keep out for all purposes except to make that objection. Another reason equally valid, is that if such defendant shall ask for any relief other than that addressed to his plea, he is seeking to gain an unconscionable advantage over his adversary, whereby, if the determination of the court be in his favor he may avail himself of it, while, if it be against him, he may fall back upon his plea of lack of jurisdiction of the person. So it is well settled that if a defendant, under such circumstances, *raises any other question,* or asks for any relief which can only be granted upon the hypothesis that the court has jurisdiction of his person, his appearance is general, though termed special, and he thereby submits to the jurisdiction of the court as completely as if he had been regularly served with summons. (Citing cases.) In the present case the defendant made his motion to quash the service of the summons. In this, his appearance was undoubtedly special, as he limited it solely to a request for this specific relief. But he also demurred to the jurisdiction of the court over his person and *over the subject-matter of the action.* In this case plainly a demurrer to the complaint for lack of jurisdiction over his person could not lie. If in any conceivable case it could lie, such a demurrer also would be treated as a special appearance. But here he went further and demurred to the jurisdiction of the court over the subject-matter of the action, a request for relief which the court could not grant him, saving upon the theory that he was regularly before the court. It was relief, moreover, independent and apart from his plea to the jurisdiction of the person, and, if successful, would have worked a dismissal of the action upon an entirely distinct legal ground. That in so demurring he *waived the question of the jurisdiction of his person and submitted himself to the jurisdiction of the court* is abundantly settled.'' (Citing cases.) (Emphasis ours.)

Section 1014 of the Code of Civil Procedure provides: ''A defendant appears in an action when he answers, demurs, or gives the plaintiff written notice of his appearance, or when an attorney gives notice of appearance for him.''

■ The question now to be decided is, whether the superior court had jurisdiction of the action independent of the waiver.

The record does not disclose that there is any municipal court functioning in San Mateo County, and we will assume that there is none. The amount involved was more than that of the justice's court jurisdiction (limited to less than $300). No motion for change of venue was interposed.

Section 396 of the Code of Civil Procedure provides: "If the county in which the action is commenced is not the proper county for the trial thereof, the action may, notwithstanding, be tried therein, unless the defendant, at the time he answers or demurs, files an affidavit of merits, and demands in writing, that the trial be had in the proper county." This was not done.

Section 397 of the Code of Civil Procedure provides: "The court may, on motion, change the place of trial in the following cases: 1. When the county designated in the complaint is not the proper county."

That it is not the proper county is evidenced by section 395 of the Code of Civil Procedure, which provides: "In all other cases (exceptions not germane), the action must be tried in the county in which the defendants, or some of them, reside at the commencement of the action."

The defendant resided in Contra Costa County, the plaintiff in San Mateo County.

As to municipal courts in San Francisco the statute provides: "Each municipal court shall have exclusive original jurisdiction of all civil cases and actions, arising within the city or city and county in which said municipal court is established, of the following classes: 1. All cases at law in which the demand, exclusive of interest, or the value of the property in controversy, amounts to two thousand dollars or less." (Stats. 1929, p. 838.)

Under the admitted facts the case at bar did not arise in the city and county of San Francisco, and the municipal court therein would not have exclusive original jurisdiction. If the note had been made and delivered in San Francisco a different case might arise.

The only other question then to be considered is, whether the note being made payable by its terms in San Francisco, confers jurisdiction on the municipal court of the latter

place, or ousted the superior court of San Mateo County of jurisdiction.

We find that section 832 of the Code of Civil Procedure, subdivision 7, relating to justices' courts, says:

"Actions in Justices' Courts must be commenced, and, subject to the right to change the place of trial, as in this chapter provided, must be tried:

"7. When a person has contracted to perform an obligation at a particular place, and resides in another county, township, or city . . . in the township or city in which such obligation is to be performed, or in which he resides; and the township or city in which the obligation is incurred is deemed to be the township or city in which it is to be performed, unless there is a special contract in writing to the contrary."

This provision cannot be of any solace to the defendant, for it relates solely to actions in justices' courts, and is an exception and special provision relating thereto. We find no such provision as to contractual performance, and none have been called to our attention, relating to superior courts.

This then brings us to the consideration of the said question of jurisdiction. If the place of payment is to be considered as a contractual right to have the case tried only in the municipal court of San Francisco, it may be a void contract under the following cases: *General Acceptance Corp.* v. *Robinson,* 207 Cal. 285 [277 Pac. 1039]; *General Motors Acceptance Corp.* v. *Cordiga,* 62 Cal. App. 117 [216 Pac. 383], and cases cited.

If we should hold otherwise it might open the door to parties making their written obligations payable in any certain named court or county, notwithstanding they arose elsewhere, which might result in unnecessarily increasing the burden of such courts or counties. However, we refrain from especially passing on this point.

This disposition of the case makes it unnecessary to consider any other points raised, except as to the statute of limitations. It appears on the face of the record that this action was commenced within the four-year period provided by section 337 of the Code of Civil Procedure, and that the action was commenced in time. As there is no municipal court in San Mateo County, the superior

court of that county would have jurisdiction, and we so hold.

The judgment appealed from is affirmed.

Knight, Acting P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 9, 1932.