[Civ. No. 5863. Third Appellate District.—September 23, 1937.]

J. W. HALTERMAN, Plaintiff, v. PACIFIC GAS AND ELECTRIC COMPANY (a Corporation), Defendant and Appellant; CARRIE A. GLADDING, Cross-Defendant and Respondent.

Thomas J. Straub, W. R. Dunn and T. L. Chamberlain for Appellant.

Milton M. Hogle and Duard F. Geis for Respondent.

PULLEN, P. J.—In this case a complaint was filed by Carrie A. Gladding and J. W. Halterman against the Pacific Gas and Electric Company wherein plaintiffs alleged that Carrie A. Gladding was the owner of a ranch situated in Placer County, through which ran a watercourse known as Coon Creek, and that during a time specified, plaintiff Halterman, acting under a contract with plaintiff Carrie A. Gladding, was erecting a dam across Coon Creek, and while so engaged defendant Pacific Gas and Electric Company diverted and released a large volume of water into Coon Creek, which waters interfered with the construction work of plaintiffs, to their damage.

By subsequent proceedings a third amended and supplemental complaint was filed by Halterman alone, in which he alleged ownership of the property in Carrie A. Gladding, his right thereon as invitee, and injury to him through discharge of waters into Coon Creek by defendant. Defendant answered this amended complaint and also filed a cross-complaint naming therein as cross-defendants Carrie A. Gladding and Halterman, and setting up the right of the defendant, a public utility, to discharge waters into Coon Creek over the lands of Mrs. Gladding, and a dedication of the right to public use, and prayed for a decree to quiet title of the cross-complainant to such right.

Although no order was made for the bringing in of Carrie A. Gladding as a new party in the cross-complaint, nor was any summons issued or served upon her, she nevertheless

appeared and demurred upon the ground that the cross-complaint failed to state a cause of action and that the court had no jurisdiction of the person or subject-matter therein set forth, and also filed a motion to strike the cross-complaint. After a hearing the court sustained the demurrer and granted the motion to strike Carrie A. Gladding as a cross-defendant from the action. From the order granting the motion to strike, defendant and cross-complainant prosecutes this appeal.

The order striking Carrie A. Gladding as a cross-defendant, being a final judgment and a termination of the action as to her, is therefore appealable. (*Howe* v. *Key System Transit Co.*, 198 Cal. 525 [246 Pac. 39].)

Inasmuch as respondent Carrie A. Gladding had appeared generally by demurrer and motion she thereby submitted herself to the jurisdiction of the court and the court should not have dismissed her without a hearing upon the merits. (*Molfino* v. *Pippo*, 122 Cal. App. 437 [10 Pac. (2d) 78].)

Furthermore, we are of the opinion that Mrs. Gladding was a proper party cross-defendant in the action. Halterman based his right to maintain his action upon the ownership in Mrs. Gladding of the property described in the complaint. He alleged that he was in possession of the lands as invitee, and that defendant was guilty of trespass. Of necessity, title to the property and the question as to whether the defendant was the owner of the right to divert water across the lands of plaintiff involved the title to the property itself. Inasmuch as this right was questioned, the defendant Pacific Gas and Electric Company was entitled to have its title quieted in the flowage rights asserted by it, and in order to determine that matter Mrs. Gladding is at least a proper party.

The case of *Tonini* v. *Ericcsen*, 218 Cal. 43 [21 Pac. (2d) 566], is authority for the proposition that where a plaintiff, who is an invitee on land, sues a defendant who has caused water to flow upon the land to the damage of the plaintiff-invitee, and the defendant claims to have acted under a right or easement to flow the water the defendant, in a cross-complaint to establish his right or easement, is entitled to join the owner of the land as a proper party cross-defendant.

For the foregoing reasons the order striking Carrie A. Gladding as a cross-defendant should be reversed, and it is so ordered.

Thompson, J., and Plummer, J., concurred.