[Civ. No. 2868. Fourth Dist. Aug. 12, 1942.]

HARRIETT E. PEASE, Appellant, v. SAN DIEGO UNIFIED SCHOOL DISTRICT et al., Defendants; SALVATION ARMY (a Corporation), Respondent.

Hervey & Holt and Henry F. Walker for Appellant.

Fred O. Reed, Henry E. Kappler and Marvin Wellins for Respondent.

BARNARD, P. J.—This is an action for damages on account of injuries received by the plaintiff on May 7, 1941, as the result of a fall on an arcade walk between the main school building and the school auditorium on the San Diego High School grounds.

On this occasion the Salvation Army had rented the auditorium for an evening meeting. It had also secured from the defendant Stoll certain equipment for a public address system which was installed for use on this evening. As a part thereof a loud speaker was set up in front of the auditorium and connected with the rest of the system by laying an insulated wire on the ground, across this arcade walk, along the side of the building, and thence into the auditorium. The plaintiff, who had gone to the main school building in connection with the night school which was being held there, caught her foot on this wire as she was leaving and while passing over the arcade walk on her way to the street. There is evidence that the lights over this arcade walk near the place in question were not turned on at the time of the accident.

The plaintiff brought this action against the school district, Stoll, and the Salvation Army. The court directed a verdict in favor of the school district and a judgment in favor of that defendant has become final. The jury returned a verdict in favor of the plaintiff in the sum of $3,000, as against Stoll and the Salvation Army. The Salvation Army moved for a judgment notwithstanding the verdict, which motion was granted, and the plaintiff has appealed from the judgment then entered in favor of that defendant.

While there is some contention that no act of negligence appears, the evidence, while conflicting, is sufficient to sustain the implied finding that this wire was laid across this walk in a negligent manner. ▮ The main controversy here is as to whether or not the person who placed the wire in that position was an agent or employee of this respondent. Respondent contends that Stoll was an independent contractor; that he was in charge of the installation of this equipment; and that the respondent had nothing to do therewith.

There is evidence that some days before this meeting was to be held the secretary of respondent's advisory board, which was in charge of the arrangement for the meeting, telephoned to Stoll, who was in the business of supplying sound equipment for temporary use, with reference to having such equipment furnished on this occasion. Stoll testified that he told the person who telephoned that the price would be $15 with an extra charge of $2.50 if an additional loud speaker was desired on the outside of the building, and that he told this person that this price "doesn't cover the cost of the installation, it doesn't cover the installation because that

is under the jurisdiction of the local Stage Hands' Union which has to be done by them." He further testified that he told this person that he "rented" the equipment "but the installation was under their jurisdiction"; that he offered to arrange for the man from the union to make the installation if this was desired or to let them talk to the man direct; that he gave the speaker the telephone number of Mr. Callahan, the business representative of the Stage Hands' Union; and that a day or two later the same person called back "to verify the agreement and the arrangements on this date set." Mr. Callahan testified that a man, who identified himself as Major Taylor and stated that he was speaking for the Salvation Army, telephoned to him and asked to have a man sent to the auditorium on the evening in question, and that he sent a stage hand by the name of Noble. Noble is the man who laid the wire in the position where it caused the trouble. There is some evidence that after he arrived on the scene Noble was directed by a representative of the Salvation Army to put a loud speaker in front of the building, and that he was told by a representative of Stoll to run the wire along the side of the building for the purpose of connecting it up, although there is no evidence that he was directed to lay the wire in the exact manner in which this was done. Later, the respondent paid Stoll with a check for $18 and gave another check for $8 to Callahan to pay for the service rendered by Noble. While there is other conflicting evidence, we think the evidence to which we have referred, with the reasonable inferences therefrom, is sufficient to sustain the implied finding of the jury that Noble was acting as an employee and agent of the respondent.

The respondent contends that the school district was in control of the arcade walk where the accident occurred; that the appellant was not the invitee of the respondent; that as to the respondent the appellant was a mere licensee; and that the only duty it owed to the appellant was to refrain from wilful harm or wilful entrapment. Both the appellant and the respondent were invitees of the owner of the premises and as such each was under the duty of using ordinary care with respect to matters which affected the safety of the other. (*Perry* v. *D. J. & T. Sullivan, Inc.*, 219 Cal. 384 [26 P. (2d) 485]; *Hall* v. *Barber Door Co.*, 218 Cal. 412 [23 P. (2d) 279]; *Koppelman* v. *Ambassador Hotel Co.*, 35 Cal.

App. (2d) 537 [96 P. (2d) 196]; *Yamauchi* v. *O'Neill*, 38 Cal. App. (2d) 703 [102 P. (2d) 365].)

The respondent contends that a recovery could not be had against it because the defendant school district was exonerated and the complaint in effect charges joint negligence against all of the defendants. This contention is without merit. (*Shea* v. *City of San Bernardino*, 7 Cal. (2d) 688 [62 P. (2d) 365]; *Gritsch* v. *Pickwick Stages System*, 27 Cal. App. (2d) 494 [81 P. (2d) 257].)

The evidence with the inferences which may reasonably be drawn therefrom is sufficient to support a verdict in favor of the appellant and under well settled rules a judgment notwithstanding the verdict may not be granted under such circumstances.

The judgment is reversed.

Griffin, J., concurred.