[Civ. No. 10680. First Appellate District, Division Two.—July 11, 1938.]

FRANK M. GRITSCH, Respondent, v. PICKWICK STAGES SYSTEM (a Corporation), Appellant.

HELEN G. GRITSCH et al., Respondents, v. PICKWICK STAGES SYSTEM (a Corporation), Appellant.

Bryce P. Gibbs, Harry C. Lucas and J. D. Maatta for Appellant.

George K. Ford and Leonard B. Fowler for Respondents.

NOURSE, P. J.—The defendant appeals from the judgments in favor of the plaintiffs in two cases consolidated for trial wherein they sought damages for injuries incurred while passengers on one of defendant's stages. The causes were tried before, and judgments for the plaintiffs were reversed because of erroneous instructions. (131 Cal. App. 774 [22 Pac. (2d) 554.])

The facts are without substantial conflict if we eliminate the exaggerations and opinions of the interested parties. The stage was proceeding northerly on El Camino Real at about 11:30 P. M., when a Buick came into an intersection and struck the stage in the middle of its left side. This caused the driver of the stage to lose control, and the stage veered to the right, crossed the curb, and came to a stop in a private yard. The plaintiff Helen Gritsch was thrown to the floor of the stage and suffered some personal injuries which required hospitalization. The highway upon which the stage was traveling was a through boulevard fully protected by stop signs at each intersection. The driver of the Buick and those riding with him at the time all agreed that he failed to stop before entering the boulevard, that he was driving at an excessive speed, and that the Buick struck the stage to the rear of the driver's seat when the stage was more than half-way through the intersection, and that the stage was being driven on the right or proper side of the boulevard and first entered the intersection. Other witnesses corroborated this testimony, and it was supported by physical tests and examination of the premises immediately following the collision. We disregard the testimony of one of the plaintiffs as to what, after the reversal on the former trial, she thought she had seen at the time of the accident, as such testimony is contrary to the physical facts and inherently improbable.

The appellant specifies four grounds for reversal, which we will take in order. 1. That the trial court erred in permitting plaintiffs to amend their complaints "to conform to the proof" and plead the concurrent negligence of the driver of the Buick. The argument is that there was no proof of such negligence at the time the motion was made

and granted, and that misrepresentations were made to the trial court in support of the motion. We may concede the merit of the argument, but do not discuss the question because we find no possible prejudice arising from the course taken. Ample proof was supplied later by both parties of the negligence of the driver of the Buick, and it was one of the main contentions of the defendant that this negligence alone caused the collision.

■ It is argued that, since the driver and owner of the Buick were not sued originally and the action was barred as to them at the time of the amendment, this amendment created a new cause of action as to the appellant which was also barred by the statute of limitations. It is settled that a party may proceed, whether jointly or severally, against joint tortfeasors and, though a complaint may allege only joint negligence, it states a separate liability against each party sued. (*Shea* v. *City of San Bernardino,* 7 Cal. (2d) 688, 694 [62 Pac. (2d) 365].)

■ 2. Complaint is made of the admission of the testimony of the plaintiffs as to the speed of the stage at points as remote as one mile south of the point of collision, and also of the location of certain speed zone signs over a mile from that point. We agree that this evidence was too remote and should not have been admitted. But again we are confronted with the question whether the error was prejudicial. The purpose of the evidence was to show that the stage had been running at an excessive speed for many miles prior to the collision, but it is difficult to perceive how the jury could have been influenced by such evidence. Competent evidence was given as to the speed at and immediately prior to the collision which was sufficient to support the implied finding that the speed at that time was excessive.

■ 3. It is argued that the decision on the former appeal has become the law of the case. The former judgment was reversed because of the instruction covering the *res ipsa loquitur* doctrine which we held was not involved in a case of this character. On the second trial the plaintiffs did not request an instruction on that doctrine and none was given. We also held that in determining the rate of speed as evidence of the negligence of the defendant, the duty of the defendant was measured by the terms of section 113 of the California Vehicle Act as that section read at the time of

the collision. The proof on the second trial was limited to this extent. Since the evidence on the second trial was materially different on these essential elements of the case, the decision on the first appeal cannot be taken as the law of the case upon these issues. (*Allen* v. *Bryant*, 155 Cal. 256, 259 [100 Pac. 704] ; *Erlin* v. *National Union Fire Ins. Co.*, 7 Cal. (2d) 547 [61 Pac. (2d) 756].)

4. Error is assigned in the giving and refusing to give certain instructions. Three instructions, designated "A", "B" and "C" in the opening brief, are complained of as misleading, "that in effect they direct a verdict in favor of the plaintiffs in the event they found both drivers negligent, without reference to proximate cause". They were all confined to plaintiffs' theory of the case and correctly presented the issue of concurrent negligence. Other instructions given correctly presented defendant's theory that the negligence of the driver of the Buick was the sole proximate cause of the collision.

Instruction designated number "E" is complained of as being in conflict with instruction designated number "F", given at the request of defendant and also as assuming negligence on the part of the defendant. Both instructions related to the question of imminent danger and the duty of the defendant under such circumstances. We find no material conflict and no error in that part of instruction number "E" reading: "You are further instructed that this doctrine of imminent peril does not apply to a party who by reason of his own negligence creates the sudden peril which confronts him."

Complaint is made of the failure to give defendant's proposed instruction designated number "H" covering the rate of speed which the stage was permitted to maintain in a "business or residential" district. The proposed instruction was faulty in many respects which do not need to be here noted. The subject-matter was fully and properly covered in instructions given upon request of both parties relating to the application of section 113 of the Vehicle Act.

We find no prejudicial error in the record.

The judgments are affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 8, 1938.