[Civ. No. 18791.  First Dist., Div. Two.  Apr. 26, 1960.]

L. PEARSON, Plaintiff, v. LEON A. AKOPIANTZ, Appellant; J. ALBERT HUTCHINSON, Cross-Defendant and Respondent.

Wallner & Miller and Charles J. Miller for Appellant.

J. Albert Hutchinson, in pro. per., for Cross-Defendant and Respondent.

DOOLING, J.—On January 24, 1958, L. Pearson filed suit in the municipal court against Levon A. Akopiantz for $1,466.30, alleging that defendant had become indebted in that amount to plaintiff's assignors, J. Albert Hutchinson and Sante Quattrin, for the reasonable value of their professional services as attorneys at law. The defendant filed an answer and counterclaim against plaintiff and a cross-complaint against J. Albert Hutchinson averring that cross-defendant had repudiated a written contract of employment, thereby damaging defendant in the amount of $21,980. The defendant moved for court orders bringing in cross-defendant as a necessary party and transferring this cause to the superior court on the ground that the defendant's claim against cross-defendant exceeded the municipal court jurisdiction. (Code Civ. Proc., § 396.) The plaintiff moved for summary judgment. On May 27, 1958, the court denied defendant's motions and granted summary judgment. From these orders and judgment defendant appealed to the appellate department of the superior court, whereupon, in a judgment filed and entered on December 8, 1958, that court reversed the orders granting summary judgment and denying motion to transfer without mentioning the denial of the motion to bring in a new party. Following transfer to the superior court cross-defendant was served with a summons to answer the cross-complaint on February 24, 1959. Cross-defendant, appearing specially, moved for an order quashing said service of summons on the ground that it had been issued without authority or jurisdic-

tion, inasmuch as defendant's motion to bring in cross-defendant as a new party had theretofore been denied by an order which had since become final. The court granted this motion to quash in an order filed March 12, 1959. From this order defendant now appeals.

Under the circumstances of this case the order granting the motion to quash service of summons on the ground that the order denying the defendant's motion to bring in respondent as a cross-defendant had become final was a final determination as to appellant's right to proceed against cross-defendant and therefore appealable. (*Halterman* v. *Pacific Gas & Elec. Co.,* 22 Cal.App.2d 592, 594 [71 P.2d 855].)

While the appellate department did not in terms reverse the order refusing to bring cross-defendant into the case it reversed the order denying the transfer to the superior court. In an accompanying memorandum the appellate department said: "The Cross-Complaint, in our opinion, states a cause of action good as against a general demurrer. The trial Court should have transferred the cause."

Implicit in this ruling was a finding that cross-defendant was properly before the court since the prayer of the cross-complaint for an amount in excess of the jurisdiction of the municipal court was the only ground for transfer to the superior court. This is so because the counterclaim against the assignee could only act as an offset and entitled appellant herein to no affirmative relief against the assignee. (*Cuneo* v. *Lawson,* 203 Cal. 190, 196 [263 P. 530].) The appellate department doubtless had in mind the change in section 442, Code of Civil Procedure, by which that section was amended in 1957 to read: "Whenever the defendant seeks affirmative relief against any *person, whether or not a* party *to the original action,* relating to or depending upon the contract, transaction, matter, happening or accident upon which the action is brought . . . he may, in addition to his answer, file at the same time, or by permission of the court subsequently, a cross-complaint." (Emphasis indicates language added by the amendment. Stats. 1957, ch. 1498, p. 2824.)

The section as it formerly read only permitted the filing of a cross-complaint against "any party" and new parties could not be brought in under this section, but only by order of court under Code of Civil Procedure, section 389. (*Atherley* v. *MacDonald, Young & Nelson, Inc.,* 135 Cal.App. 2d 383, 387-388 [287 P.2d 529]; *Casaretto* v. *DeLucchi,* 76 Cal.App.2d 800, 816 [174 P.2d 328].) Under the amendment

above quoted *"any person"* may be brought in as a cross-defendant without order of court if "in addition to his answer" the defendant "file[s] at the same time . . . a cross-complaint." Here the answer and cross-complaint were not only filed at the same time, they were in a single document. It is thus clear that under section 442 as amended the filing of the cross-complaint at the same time as the answer made the cross-defendant a party to the action and an order of court bringing him in as a party was not necessary.

█ Respondent also attempts to argue the insufficiency of the cross-complaint to allege facts bringing the case within Code of Civil Procedure, section 442. The previous determination of the appellate department that "[t]he Cross-Complaint . . . states a cause of action good against a general demurrer" has become the law of the case, and respondent is foreclosed from raising the same question on a second appeal. (*Penziner* v. *West American Finance Co.,* 10 Cal.2d 160, 169-170 [74 P.2d 252].)

The order appealed from is reversed.

Kaufman, P. J., and Draper, J., concurred.