[Civ. No. 19294. First Dist., Div. One. Dec. 12, 1960.]

LAWRENCE J. MASON, Respondent, v. CHARLES AMOS DAY, Appellant.

Machado, Feeley & Machado and Robert H. Weir for Appellant.

Emmett C. Wilson for Respondent.

DUNIWAY, J.—The appeal in this action is from an order that is not appealable.

Plaintiff Mason sued defendant Day for damages resulting from a collision between a Greyhound bus driven by Mason and an automobile driven by Day. Thereafter, Day filed two separate pleadings on the same day, one an answer and the other a cross-complaint against Mason and Pacific Greyhound Lines, Inc. The cross-complaint was served upon Mason, but not upon Pacific Greyhound, which has never appeared in the action. Subsequently, Mason moved to strike the cross-complaint, and that motion was granted. The appeal is from that order.

Since Pacific Greyhound has not been served, and has not appeared, the order can have validity only as between the parties who were before the court—namely, plaintiff and cross-defendant Mason, and defendant and cross-complainant Day. This being the situation, the order striking the cross-complaint is not appealable. No such order is listed in Code of Civil Procedure, section 963, and it cannot be treated as a final

judgment because it did not dispose of the litigation between those parties. (*Yandell* v. *City of Los Angeles*, 214 Cal. 234 [4 P.2d 947]; *Merchants' Nat. Bank* v. *Clark-Parker Co.*, 97 Cal.App. 757 [276 P. 387]; *Sjoberg* v. *Hastorf*, 33 Cal.2d 116 [199 P.2d 668].)

Appellant argues that the order did finally dispose of the litigation as between Day and Pacific Greyhound, and is therefore appealable, under the rule in *Howe* v. *Key System Transit Co.*, 198 Cal. 525 [246 P. 39], *County of Humboldt* v. *Kay*, 57 Cal.App.2d 115 [134 P.2d 501], and *People* v. *Oken*, 159 Cal. App.2d 456 [324 P.2d 58]. See also *Trask* v. *Moore*, 24 Cal.2d 365, 373 [149 P.2d 854]; *Halterman* v. *Pacific Gas & Elec. Co.*, 22 Cal.App.2d 592 [71 P.2d 855]. We are of the opinion that this line of cases is not controlling.

In point is *Kennedy* v. *Owen*, 85 Cal.App.2d 517 [193 P.2d 141]. In that case there were originally three parties, the plaintiff and defendants Owen and Rheindorf. Defendant Owen cross-complained against plaintiff and against Knapp and his wife, not theretofore parties. No process was served on either of the cross-defendants Knapp, and neither of them appeared. Plaintiff demurred to and moved to strike the cross-complaint. The demurrer was sustained and the motion granted. Defendant Owen appealed. The appeal was dismissed on the following grounds: (1) the order "was not a final adjudication as between plaintiff and defendant," and (2) "obviously, none of the three orders adjudicated anything as between cross-complainant and the Knapps." (Pp. 519, 520.) The court followed the *Yandell* line of authorities, and distinguished the *Howe* line. The case is directly in point. It was cited and followed in *Evans* v. *Dabney*, 37 Cal.2d 758 [235 P.2d 604] and *Miller* v. *Stein*, 145 Cal.App.2d 381, 386 [302 P.2d 403].

Appeal dismissed.

Bray, P. J., and Tobriner, J., concurred.