[Civ. No. 22789.   First Dist., Div. One.   Feb. 27, 1967.]

THE PEOPLE ex rel. DEPARTMENT OF PUBLIC WORKS, Plaintiff, Cross-defendant and Respondent, v. HENRY C. CLAUSEN, Defendant, Cross-complainant and Appellant; PACIFIC GAS AND ELECTRIC COMPANY, Cross-defendant and Respondent.

[Civ. No. 23142.   First Dist., Div. One.   Feb. 27, 1967.]

HENRY C. CLAUSEN, Cross-complainant and Appellant, v. PACIFIC TELEPHONE & TELEGRAPH COMPANY, Cross-defendant and Respondent.

(Consolidated Cases.)

Henry C. Clausen, in pro. per., Henry C. Clausen, Jr., and Clausen & Clausen for Defendant, Cross-complainant and Appellant and Cross-complainant and Appellant.

Harry S. Fenton, Holloway Jones, Jack M. Howard, Richard S. Levenberg and William R. Edgar for Plaintiff, Cross-defendant and Respondent.

Richard H. Peterson, Charles T. Van Deusen, Arthur L. Hillman, Jr., Charles W. Thissell, Richard J. Kohlman and Sanford M. Skaggs for Cross-defendant and Respondent in Civ. 22789.

Pillsbury, Madison & Sutro, Francis N. Marshall and Stephen A. Nye for Cross-defendant and Respondent in Civ. 23142.

MOLINARI, P. J.—On this appeal two cases have been consolidated. In one (1 Civ. 22789) defendant and cross-complainant, Henry C. Clausen, appeals from (1) the order of the trial court granting the motion of plaintiff and cross-defendant, The People of the State of California (hereinafter referred to as State), to strike Clausen's amended cross-complaint and sustaining State's demurrer to said amended cross-complaint without leave to amend, (2) the judgment dismissing said amended cross-complaint as to State, and (3) the judgment dismissing Clausen's amended cross-complaint as against cross-defendant, Pacific Gas & Electric Company (hereinafter referred to as Electric). In the other (1 Civ. 23142) Clausen appeals from the judgment dismissing his amended cross-complaint as against cross-defendant, Pacific

Telephone & Telegraph Company (hereinafter referred to as Telephone).

## The Record

On August 8, 1963 State filed a complaint in eminent domain to condemn for highway purposes twelve parcels of land situated in Santa Clara County and involving ownerships or claims of interest by various named defendants. Among those parcels were Parcels 2A and 2B, described by metes and bounds and in terms of their aggregate area designated as 2.598 acres, as to which Clausen was named as the owner. An answer to the complaint and a cross-complaint against State were filed by Clausen on February 20, 1964. The gist of the allegations of the cross-complaint was that State, acting by and through the Department of Public Works, its agents and employees, had trespassed upon Parcels 2A and 2B. State demurred generally to the cross-complaint and moved to strike it. On July 7, 1964 the trial court denied the motion to strike but sustained the demurrer with leave to amend.

On August 19, 1964 Clausen, without obtaining leave of court, filed an amended cross-complaint, naming as cross-defendants State, Electric and Telephone. As a first cause of action therein Clausen alleged that he was the owner of 10.56 acres of property situated in Santa Clara County, this property being described in terms of metes and bounds; that subsequent to the commencement of the condemnation action Electric and Telephone entered upon Clausen's land without the latter's consent and dug holes and erected telephone, telegraph and electric power poles and power lines on Clausen's property; and that these acts on the part of Electric and Telephone caused damages to Clausen's property, interfered with his enjoyment, use and possession of his property, and constituted a wilful and intentional trespass thereon. As a second cause of action Clausen alleged that the acts of Electric and Telephone were done at the request of State and under its authority, direction, control, and permission. Clausen further alleged that he had duly filed a claim against State, which claim had been denied.

On September 3, 1964 State demurred generally and specially to the amended cross-complaint and moved to strike it on the grounds that Clausen had not obtained permission of the court before he filed his amended cross-complaint and that the amended cross-complaint did not have the required

subject-matter relationship to the complaint. Clausen responded by noticing a motion for an order permitting him to file the amended cross-complaint *nunc pro tunc*. On October 8, 1964 the trial court sustained the demurrer without leave to amend on the grounds that "the defendant may not cross-complain against the State in an eminent domain action but is required to set forth all of his damages in his answer," and that the amended cross-complaint stated no cause of action against State. In addition, the trial court granted State's motion to strike the amended cross-complaint on the ground that Clausen had not obtained permission of the court to file the cross-complaint against State or to bring in new parties.[1] Judgment having been entered dismissing Clausen's cross-complaint as against State, Clausen, by two separate notices of appeal, appealed from both the order made on October 8, 1964 and the judgment of dismissal.[2]

On November 10, 1964 Electric obtained a judgment dismissing the proceedings as to it without prejudice based upon the order of October 8, 1964 striking Clausen's amended cross-complaint. From that judgment Clausen filed a notice of appeal on November 13, 1964. On December 3, 1964 Telephone demurred to Clausen's amended cross-complaint and moved to strike it on the same grounds as appeared in State's motion. The demurrer was overruled but the motion to strike was granted on the ground that Clausen had sought to bring in a new party and to set up a new cause of action against it without prior permission of the court. A judgment striking and dismissing the amended cross-complaint having been entered on July 19, 1965 pursuant to said order, Clausen filed a notice of appeal from that judgment on July 29, 1965.

Meanwhile the action, insofar as it related to State's complaint against Clausen for condemnation, proceeded to trial and resulted in a jury verdict which, according to the trial court's findings of fact, determined Clausen's damages as follows: $26,539.20 as the value of Parcel 2A; $1.00 as the value of Parcel 2B; and $12,000 as severance damages accru-

---

[1] The order of October 8, 1964 specifically stated, however, that it was made without prejudice to Clausen's rights, if any, to institute separate litigation regarding the alleged trespass.

The record does not disclose whether the motion by Clausen for an order permitting the filing of his amended cross-complaint *nunc pro tunc* was heard or whether any ruling was made thereon.

[2] These notices of appeal were filed on October 19, 1964 and November 5, 1964, respectively.

ing to the remainder of the property of which Parcels 2A and 2B are a part, by reason of its severance from the parcels sought to be condemned and the construction of the improvement in the manner proposed by State. On the basis of this finding the trial court, by way of a conclusion of law, stated that the payment into court of $38,540.20 by State "is in full payment for the property so taken as set forth in the complaint together with any and all improvements thereon pertaining to the realty, and for all damages from the taking of said property and the construction of the improvement in the manner proposed by plaintiff, and for the use and occupancy of said property by plaintiff under the order for possession herein."[3] On June 2, 1965 a judgment was entered; however, Clausen did not move for a new trial or appeal from this judgment, which has become final.

## Questions Presented

1. Are the orders and judgments involved in this appeal appealable?

2. Did the trial court err in sustaining State's demurrer to Clausen's amended cross-complaint?

3. Did the trial court err in granting State's motion to strike Clausen's amended cross-complaint and in dismissing his amended cross-complaint as against Pacific and Telephone?

4. Is Clausen precluded from having us determine the merits of his appeal either because he was not prejudiced by the order and various judgments of dismissal or because the appeals are moot?

## Appealability of Orders and Judgments

State, Electric and Telephone have raised no questions regarding the right of Clausen to appeal from the orders and judgments in the instant case, although we note that the question of the appealability of the order granting State's motion to strike and the judgment of dismissal entered in favor of State have heretofore been raised by State on its motion to dismiss Clausen's appeals from this order and judgment, which motion was heard and denied without prejudice on November 17, 1964, by Division Three of this court. (1 Civ. 22424.)

---

[3]This same language was incorporated in the judgment.

■ With regard to the appealability of the order sustaining State's demurrer to Clausen's amended cross-complaint, it is well established that an order sustaining a demurrer is not appealable. (*Cole* v. *Rush,* 40 Cal.2d 178 [252 P.2d 1]; *Curnutt* v. *Holk,* 203 Cal.App.2d 6, 7 [21 Cal.Rptr. 224]; *Evola* v. *Wendt Construction Co.,* 158 Cal.App.2d 658, 660 [323 P.2d 158].) This rule has been held applicable to an order sustaining a demurrer to a cross-complaint. (*County of Humboldt* v. *Kay,* 57 Cal.App.2d 115, 119 [134 P.2d 501]; *Mortgage Guarantee Co.* v. *Lee,* 61 Cal.App.2d 367, 373 [143 P.2d 98].) ■ Insofar as the appealability of an order striking a cross-complaint is concerned, it is the general rule that where the parties to the cross-complaint are identical to the parties to the original action, an order striking a cross-complaint is not appealable because it does not constitute a final judgment, the propriety of such an order being reviewable on the appeal from the final judgment. (*Yandell* v. *City of Los Angeles,* 214 Cal. 234, 235-236 [4 P.2d 947]; *Sjoberg* v. *Hastorf,* 33 Cal.2d 116, 118 [199 P.2d 668]; *Evans* v. *Dabney,* 37 Cal.2d 758, 760 [235 P.2d 604]; *Keenan* v. *Dean,* 134 Cal.App.2d 189, 191 [285 P.2d 300]; *Kennedy* v. *Owen,* 85 Cal.App.2d 517, 519 [193 P.2d 141].) Where, on the other hand, the cross-complaint names new parties or codefendants the order striking a cross-complaint may constitute a final and appealable judgment, provided it adjudicates rights as between the cross-complainant and the new parties or the codefendant cross-defendants. (See *Howe* v. *Key System Transit Co.,* 198 Cal. 525, 533 [246 P. 39]; *People* v. *Buellton Development Co.,* 58 Cal.App.2d 178, 181 [136 P.2d 793]; *Keenan* v. *Dean, supra,* pp. 191-192; *Herrscher* v. *Herrscher,* 41 Cal.2d 300, 303 [259 P.2d 901]; *County of Humboldt* v. *Kay, supra,* p. 119; *Kennedy* v. *Owen, supra,* p. 520; *Evans* v. *Dabney, supra,* p. 759; *Miller* v. *Stein,* 145 Cal.App.2d 381, 386 [302 P.2d 403]; *Mason* v. *Day,* 187 Cal.App.2d 307, 308 [9 Cal.Rptr. 531]; *Davis* v. *Taliaferro,* 218 Cal.App.2d 120, 123 [32 Cal.Rptr. 208]; *Lerner* v. *Ehrlich,* 222 Cal.App.2d 168, 170-171 [35 Cal.Rptr. 106].) However, where the new parties or the codefendant cross-defendants have not been served and have not appeared, an order striking the cross-complaint on motion of the plaintiff adjudicates nothing between the cross-complainant and such new parties or codefendant cross-defendants, but only adjudicates rights as between the plaintiff and the cross-complainant. In such a

case the order striking out the cross-complaint is not appealable. (*Kennedy* v. *Owen, supra*; *Keenan* v. *Dean, supra*; *Miller* v. *Stein, supra*; *Mason* v. *Day, supra*; *Davis* v. *Taliaferro, supra*.)

In *Buellton, supra,* the plaintiff sued to condemn land for a state highway. Some of the defendants (appellants) filed a cross-complaint in addition to their answer, this cross-complaint naming as cross-defendants the plaintiff and some of the codefendants. In this cross-complaint the appellants alleged that they owned easements over certain parcels of land belonging to these co-defendants; that these parcels included a part of the land to be condemned; that this ownership was disputed by the plaintiff and these codefendants; and that all of the cross-defendants had torn down the appellants' fences and otherwise trespassed on their easements. Based upon these allegations the cross-complaint prayed for a judgment quieting the appellants' title to the easements against the plaintiff and the other codefendants, fixing the amount to be paid the appellants for the taking of their easements, and awarding the appellants $2,500 as damages for the cross-defendants' trespass on the appellants' easements. The plaintiff demurred to the cross-complaint and moved to strike it. The demurrer was sustained and the cross-complaint was stricken out. The appellate court, noting that *some* of the other defendants to the cross-complaint had also made a motion to strike, which motion did not appear to have been acted on, held, that upon the authority of *Howe, supra,* the order striking the cross-complaint was a final judgment and hence was appealable. The opinion in *Buellton* is unclear as to whether any of the codefendants had been served prior to plaintiff's motion or whether they had appeared when the plaintiff's motion to strike was filed or heard. The rationale of *Buellton* appears to be that since the cross-complaint was not aimed at the plaintiff alone, the order striking it out was in legal effect a final judgment as to the other cross-defendants against whom it was also aimed and therefore was appealable. (See *Atherley* v. *MacDonald, Young & Nelson,* 135 Cal.App.2d 383, 385 [287 P.2d 529].)

In the instant case the record discloses that at the time State filed its motion to strike Clausen's amended cross-complaint, Electric and Telephone had been served with summons and a copy of said cross-complaint. The record does not disclose, however, that Telephone and Electric had

formally appeared in the action at that time or at the time of the hearing of the motion. The record discloses, moreover, that only State and Clausen were present at the hearing of the motion and that the only party served with the motion to strike was Clausen. It would appear, therefore, that the order of October 8, 1964 determining said motion adjudicated rights only as between State and Clausen. The order, however, purports to strike the amended cross-complaint not only as to State but also as to Electric and Telephone, since the cross-complaint was ordered stricken in its entirety. While such an order would not ordinarily adjudicate rights as between persons who were not parties to the motion, the record discloses that Electric deemed that the motion to strike was made on its behalf in view of the fact that it obtained a judgment of dismissal predicated upon the order granting State's motion. Under the circumstances, we are of the opinion that, for the purpose of determining the appealability of the order to strike, there was an appearance by Electric and an adjudication of rights as between it and Clausen sufficient to make the order of October 8 a final adjudication of the validity of the cross-complaint as to Electric. Accordingly, the order striking the amended cross-complaint, since it adjudicated the rights of Electric as well as those of State, constituted an appealable judgment.

Since the order to strike was an appealable judgment as to State and Electric, the judgments of dismissal as to these parties, predicated upon such order, were likewise appealable. We note in this regard that although the judgment of dismissal as to State was predicated in part upon the nonappealable order sustaining State's demurrer, it was predicated upon the order of October 8th in its entirety. Since this order includes the appealable order striking the cross-complaint, the judgment of dismissal is appealable. (See *Atherley* v. *MacDonald, Young & Nelson, supra,* p. 385.) With respect to Telephone, the order striking the amended cross-complaint and the judgment of dismissal predicated thereon are appealable because Telephone filed its own motion to strike the amended cross-complaint, and by so appearing, had its rights adjudicated as against Clausen.

### State's Demurrer

The basis of the ruling sustaining State's demurrer to Clausen's amended cross-complaint without leave to amend was that a defendant in a condemnation proceeding is not

entitled to cross-complain against the condemnor but must instead set forth all of his damages in his answer. State attempts to justify this ruling upon the basis of principles discussed in *Buellton, supra.* Clausen argues with equal fervor that the *Buellton* case supports his position that he was entitled to cross-complain against State.

In considering the propriety of the trial court's order granting the plaintiff's motion to strike the appellants' cross-complaint, the appellate court in *Buellton* noted that section 1256, contained in that title of the Code of Civil Procedure[4] relating to condemnation proceedings, provides that ''Except as otherwise provided in this title, the provisions of part two of this code are applicable to and constitute the rules of practice in the proceedings mentioned in this title.'' The court then noted that part II of the code referred to in section 1256 includes the general rules of practice in civil actions, including section 442, which authorizes cross-complaints as follows: ''Whenever the defendant seeks affirmative relief against any person, whether or not a party to the original action, relating to or depending upon the contract, transaction, matter, happening or accident upon which the action is brought or affecting the property to which the action relates, he may, in addition to his answer, file at the same time, or by permission of the court subsequently, a cross-complaint. . . .'' Interpreting this section as it applied to the filing of a cross-complaint in a condemnation proceeding, the court pointed out that the ''transaction'' clause in section 442 is not applicable to a condemnation proceeding ''for no transaction or other subject matter now referred to in that alternative is involved in such a proceeding.'' (P. 183.) The court, however, continued by concluding that ''Such a proceeding is, however, within the second alternative, for it relates to property, that is, the property which the plaintiff seeks thereby to acquire. Consequently, a defendant may file a cross-complaint affecting that property, except, of course, as the provisions of the title on eminent domain otherwise provide.'' (P. 183.)

The reviewing court then went on to say that as against the plaintiff the title on eminent domain did ''otherwise provide'' insofar as a determination of the existence and extent of the appellants' easements and the amount to be paid to the appellants for the taking of and damages to their easements.

---

[4]Unless otherwise indicated all statutory references are to the Code of Civil Procedure.

(See §§ 1246 to 1248.) This determination, noted the court, could be obtained by a setting up of the appellants' interest by answer and without a cross-complaint. Thus, concluded the court, "no cross-complaint is to be filed for the same purpose." (Pp. 183-184.) Having reached this conclusion, the appellate court proceeded to treat the appellants' argument that their cross-complaint stated as against the plaintiff elements of damage arising from trespass on the appellants' easements. Pointing out that "Since . . . these damages do not flow from the taking of the property for public use, authority, if any exists, for their recovery does not come from section 14, article I of the California Constitution, providing for compensation when property is taken or damaged for public use," the appellate court concluded that the recovery of such damages as against the state was precluded by virtue of sovereign immunity. (P. 184.) The court did conclude, however, that although the cross-complaint was not proper against the plaintiff, it was proper as to the appellants' codefendants who were named as cross-defendants. Accordingly, upon the basis that an order striking a cross-complaint as a whole can properly be made only if the cross-complaint as a whole is improper for any purpose, the reviewing court held that the trial court erred in striking the appellants' cross-complaint.

We turn now to an analysis of the instant case to determine whether in the light of the principles enunciated in *Buellton* the trial court was correct in determining that Clausen's amended cross-complaint was not proper as against State. Initially we point out that State concedes that based upon *Muskopf* v. *Corning Hospital Dist.*, 55 Cal.2d 211 [11 Cal. Rptr. 89, 359 P.2d 457] and the subsequent abrogation of sovereign immunity by the California Legislature (Gov. Code, § 810 et seq.) the holding in *Buellton* that insofar as the appellants' cross-complaint stated a cause of action in trespass for damages not recoverable in the condemnation proceedings the state was immune from such liability is no longer the law. However, State argues that the holding in *Buellton* that a condemnee who seeks to adjudicate his interest in the property to be condemned and further seeks damages for the taking of his property must, by virtue of the provisions of section 1246, raise these issues by way of answer rather than cross-complaint is apposite in the instant case and compels the conclusion that the matters which Clausen raised

by his amended cross-complaint should instead have been raised by way of answer.

In response to this argument we point out that Clausen, by his amended cross-complaint, was not seeking to adjudicate his interest in the property which State sought to condemn; nor was he seeking damages which, under section 1248, would be recoverable by him in the condemnation proceeding.[5] Rather he was seeking damages for State's alleged trespass upon the property sought to be condemned and upon the remainder of his land as to which the condemned property was a part. *Buellton* specifically stated that such damages are not recoverable in a condemnation proceeding. Accordingly, it is clear that the matters which Clausen sought to adjudicate and the damages which he prayed for did not have to be, and in fact could not have been, raised by way of answer in the condemnation proceeding, but were properly the subject of a cross-complaint against State within the rationale and holding of *Buellton.*[6]

State contends, further, that since Clausen's cross-complaint affected not only the property which State sought to condemn but in addition other property, the cross-complaint was not within the scope of section 442. This same contention was made and disposed of in *Buellton* as follows: "... it is well established that in an action involving land as its subject matter, a cross-complaint affecting that land and also other land may properly be filed, where the cause of action set up therein affects such other land and that described in the complaint as a unit, or in such manner that one cannot be separated from the other without prejudice to the party filing the cross-complaint. [Citations.]" (Pp. 189-190.)

---

[5] As *Buellton* specifically points out, section 1248 specifies that the items of damages which are recoverable in a condemnation action include the value of the land to be taken and the damages accruing to the remainder of the condemnee's property, of which the condemned property is a part, by reason of its severance from the portion sought to be condemned and the construction of the improvement in the manner proposed by the condemnor.

[6] Although *Buellton* held that the "transaction" clause of section 442 is not applicable in a condemnation proceeding since such a proceeding does not involve a transaction, etc., we question whether the "transaction" clause could not be considered applicable in a case such as the one before us where the alleged trespass arose as a result of the condemnation proceedings. Under such circumstances it would seem proper to characterize the condemnation proceedings as a "transaction" or "matter" as those terms are used in section 442.

### The Order Striking the Amended Cross-Complaint and the Judgments of Dismissal

The bases upon which the trial court granted State's motion to strike Clausen's amended cross-complaint and entered the judgment of dismissal as to State and Electric predicated upon such order were that Clausen had not obtained leave of court to file this cross-complaint and that he had not obtained the court's permission to add new parties by way of cross-complaint. These same grounds, and the additional ground that such cross-complaint stated a new cause of action against Telephone, were the bases for the judgment of dismissal entered in favor of Telephone. We have concluded that the judgments of dismissal as to Telephone and Electric were proper on the basis that Clausen did not obtain leave of court to add these parties as cross-defendants in his amended cross-complaint, but that the order striking Clausen's amended cross-complaint and the judgment of dismissal as to State predicated upon said order were improper because Clausen did obtain leave of court to file this amended cross-complaint against State.[7]

In support of its position that Clausen was required to obtain permission of the court before filing his amended cross-complaint, State relies upon that language of section 442 which provides that a defendant who seeks affirmative relief of certain types "may, in addition to his answer, file at the same time, or *by permission of the court subsequently,* a cross-complaint." (Italics added.) This section, however, relates to the initial filing of a cross-complaint; it does not purport to deal with the filing of an amended cross-complaint. As to this latter problem, the sections relating to the amendment of pleadings (§§ 472, 472a, 473)[8] are applicable. Thus, in the

---

[7]Although the trial court's order granting State's motion to strike was premised in part upon the fact that Clausen had named new parties as cross-defendants without obtaining leave of court and although, as we have stated, his cross-complaint was defective in this regard, we are of the opinion that this defect would support the granting of a motion to strike the entire cross-complaint *only* in favor of the cross-defendants who were named as parties without leave of court and that State cannot, upon the basis of this defect, obtain an order striking Clausen's amended cross-complaint as to it. (See *Taliaferro* v. *Davis,* 220 Cal.App.2d 793 [34 Cal.Rptr. 120]; *Schaefer* v. *Berinstein,* 140 Cal.App.2d 278, 299 [295 P.2d 113].)

[8]The sections provided in pertinent part as follows:

§ 472: "Any pleading may be amended once by the party of course, and without costs, at any time before the answer or demurrer is filed, or entered in the docket, or after demurrer and before the trial of the issue of law thereon, by filing the same as amended and serving a copy on the

instant case since Clausen filed his original cross-complaint at the same time he filed his answer to State's complaint, he was entitled, under the specific language of section 442, to file this cross-complaint without obtaining leave of court. And as to the filing of his amended cross-complaint, although under the provisions of section 472 he was not entitled to file this pleading as a matter of course, the trial court, by sustaining State's demurrer to Clausen's original cross-complaint with leave to amend, specifically gave Clausen the requisite permission to file the amended cross-complaint.[9]

Returning to our conclusion with respect to the addition of Electric and Telephone as new parties, we note that since the time within which Clausen could have amended his cross-complaint as a matter of course under section 472 had expired, he could properly amend his cross-complaint only with permission of the court pursuant to the provisions of section 472a and 473. The question remains, therefore, in view of the trial court's granting of permission to amend upon the sustaining of State's demurrer to Clausen's original cross-complaint, whether such leave to amend encompassed permission to add new parties or whether, instead, specific permission for this purpose was required.

Although we have found no cases dealing with this problem in the context of adding new party cross-defendants, we are of the opinion that the cases dealing with the addition of new party defendants are controlling. Our conclusion in this re-

_____

adverse party, who may have 10 days thereafter in which to answer or demur to the amended pleading; . . .''

§ 472a: ''When a demurrer is sustained, the court may grant leave to amend the pleading and shall fix the time within which such amendment or amended pleading shall be filed, or entered in the docket.''

§ 473: ''The court may, in furtherance of justice, and on such terms as may be proper, allow a party to amend any pleading or proceeding by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect; . . . The court may likewise, in its discretion, after notice to the adverse party, allow, upon such terms as may be just, an amendment to any pleading or proceeding in other particulars; . . .''

[9]The trial court's order granting State's motion to strike recites that ''The leave to amend an answer does not carry with it implied permission to file a cross-complaint against the plaintiff or to bring in new parties.'' This statement by the court below seems to indicate that it was under the mistaken impression that Clausen had been previously given leave to amend his answer but not his cross-complaint. As the July 7, 1964 order of the trial court reveals Clausen was given leave to amend his cross-complaint alone and the only portion of State's demurrer to his answer which was sustained was sustained *without leave to amend.*

gard is predicated upon the fact that the code provisions dealing with amendment of pleadings, including sections 472a and 473, are applicable to *all* pleadings. Moreover, we note that although prior to 1957 permission of the court to add new party cross-defendants at any time during the proceedings (including at a time when under section 442, a cross-complaint could be filed without obtaining leave of court) was required pursuant to section 389 (see *Alpers* v. *Bliss,* 145 Cal. 565, 570 [79 P. 171] ; *Supermatic Products Corp.* v. *Hegberg,* 131 Cal.App.2d 168, 170 [280 P.2d 152] ; and cases cited therein), as a result of the amendment to section 442 in that year, a defendant is no longer required to obtain permission of the court to bring in new parties as cross-defendants, except, of course, to the extent that section 442 and the sections relating to amendment of pleadings require him to obtain leave of court to file his original or amended cross-complaint. (See *Pearson* v. *Akopiantz,* 180 Cal.App.2d 310, 312-313 [4 Cal. Rptr. 447] ; *Roylance* v. *Doelger,* 57 Cal.2d 255, 262 [19 Cal. Rptr. 7, 368 P.2d 535] ; Witkin, Cal. Procedure (1965 Supp.) Pleading, §§ 577, 578, pp. 521, 522.)

■ Turning then to the cases dealing with the question of whether the granting of leave to amend a complaint upon the sustaining of a demurrer to the complaint entitles the plaintiff to add new party defendants, we find that the cases of *Schaefer* v. *Berinstein,* 140 Cal.App.2d 278 [295 P.2d 113] and *Taliaferro* v. *Davis,* 220 Cal.App.2d 793 [34 Cal.Rptr. 120] are dispositive of this question. In *Schaefer* the demurrers of certain defendants were sustained to the second amended complaint with leave to amend. The plaintiff then filed a third amended complaint in which he named as defendants all the defendants named in the prior complaint plus two new defendants. As to the two new defendants the trial court granted a motion to strike the third amended complaint and this ruling was affirmed on appeal. Similarly in *Taliaferro* the plaintiff's amended complaint, which was filed upon the sustaining of a demurrer to the original complaint with leave to amend, named as defendant a party who was not named as defendant in the original complaint. Relying on *Schaefer,* the appellate court affirmed the order of the trial court striking the amended complaint as to the newly-named defendant on the basis that the plaintiff had not obtained leave of court to add a new party defendant. As to the plaintiff's contention that the trial court's order granting him permission to amend his original

complaint upon the sustaining of the demurrer thereto authorized him to bring in a new party defendant, the reviewing court commented that such an argument was fallacious and that ''The amendment permitted applied only to the cause of action against Bankline [the original defendant].'' (P. 794.)

Clausen cites the cases of *Louvall* v. *Gridley,* 70 Cal. 507 [11 P. 777] and *W. H. Marston Co.* v. *Kochritz,* 80 Cal.App. 352 [251 P. 959], as holding that the granting of leave to amend generally authorizes the plaintiff to add new parties by way of his amended pleading. Although these cases do contain language to this effect they do not deal with the amendment of a pleading to which a demurrer has been sustained with leave to amend. Rather they deal with the situation where the pleader of his own accord seeks leave to amend his pleading. In such a situation the pleader must proceed under section 473 and is required to apply to the trial court for leave to amend. (See 2 Witkin (1954) Cal. Procedure, § 591, p. 1601.) Accordingly, since such an application will include the proposed amended pleading, it is reasonable to conclude that the trial court's granting of leave to amend in such a situation, despite whether it is generally or more specifically worded, is made with reference to the proposed amended pleading and gives the pleader the right to file the particular amendment which he submitted to the trial court. Thus, where the pleader, under section 473, seeks leave to amend in the form of adding new parties and the trial court grants him leave to amend, naturally such a broad grant to amend includes permission to add new parties, since at the time the trial court granted permission to amend, it had before it the proposed amendment adding new parties. This situation is, however, different from the situation where the trial court sustains a demurrer to a pleading but grants leave to amend. In such a situation the granting of leave to amend is not a sanctioning of a particular amendment which the pleader has submitted to the trial court. Rather, as pointed out in *Taliaferro,* such granting of leave to amend must be construed as permission to the pleader to amend the cause of action which he pleaded in the pleading to which the demurrer has been sustained. Thus, in the instant case since the leave to amend which the trial court gave to Clausen was granted upon the sustaining of State's demurrer to his original cross-complaint, such leave to

amend did not entitle Clausen to add new parties as cross-defendants.[10]

### Contention That Clausen Suffered No Prejudice and That the Appeals are Moot

■ Telephone and Electric argue that Clausen has not been prejudiced by the striking of his amended cross-complaint on the basis that the issues which he attempted to raise therein have been litigated in the condemnation action, and that accordingly the damages which were awarded him by the judgment in condemnation include the damages which he sought to recover by said cross-complaint.[11] The answer to this contention is that the condemnation proceeding could not and did not litigate the issues which Clausen attempted to raise by way of his amended cross-complaint. The only issues which were properly before the court in that proceeding were the validity of the condemnation and the damages to be awarded for the property sought to be condemned.[12] Such damages, by virtue of section 1248, include the value of the property to be condemned and severance damages, which are defined as follows in section 1248: "2. If the property sought to be condemned constitutes only a part of a larger parcel, the

---

[10]In view of the conclusion reached by us that the judgments of dismissal as to Electric and Telephone were proper, we need not discuss in detail Clausen's argument that the trial court abused its discretion in refusing to allow him to add new parties as cross-defendants. Suffice it to say the trial court did not purport to exercise discretion but simply struck the amended cross-complaint on the basis that Clausen had not obtained leave of court to add new parties. The suggestion that the court was required to order the joinder of Electric and Telephone because they were indispensable, or at least necessary parties, is disposed of by the settled principle that in an action against one tortfeasor, additional tortfeasors are neither indispensable nor necessary parties. (*Shea* v. *City of San Bernardino*, 7 Cal.2d 688 [62 P.2d 365]; *Kallmeyer* v. *Poore*, 52 Cal.App.2d 142 [125 P.2d 924]; *Gritsch* v. *Pickwick Stages System*, 27 Cal.App.2d 494 [81 P.2d 257].)

[11]This argument could also be characterized as one premised upon res judicata, that is, that because the issues raised by Clausen's amended cross-complaint were litigated in the condemnation action, which has proceeded to final judgment, that judgment is binding on these appeals.

[12]The pretrial conference order delineated the issues to be tried as the market value of the property sought to be condemned and severance damages, if any. The order also contained the following statement: "The damages to be evaluated and awarded defendant and cross-complainant CLAUSEN include: a. Fair market value of the land taken as 2A and 2B. b. Severance damages to land remaining, including among other things, the irregular remnant remaining and loss of access to El Monte. c. Removal of water line on El Monte owned by property owner. d. Removal of trees, fence and brick entrance. e. Erection of huge utility poles.''

damages which will accrue to the portion not sought to be condemned, by reason of its severance from the portion sought to be condemned, and the construction of the improvement in the manner proposed by the plaintiff; . . ." The damages which Clausen sought to recover by way of cross-complaint for the alleged trespass upon his property do not fall within either of these categories nor were they before the court in the condemnation proceeding. Moreover, the trial court's findings of fact and conclusions of law therein and the judgment entered upon those findings do not purport either to determine any issues relating to an alleged trespass upon Clausen's property or to award him damages therefor.[13] Accordingly, we conclude that there is no merit to the argument that the issues which Clausen sought to raise in his amended cross-complaint were litigated in the condemnation action.

Finally, respondents argue that the appeals before us are moot for the reason that since the condemnation action has already proceeded to trial and final judgment, "the proceeding to which appellant wants to tie his amended cross-complaint is gone. . . . It would be meaningless for this court to reverse the lower court's judgment in order to bring a cross-complaint back into an action which has itself been terminated." This argument overlooks the fact that Clausen's cross-complaint was not dependent upon the condemnation action but was predicated upon a cause of action separate and distinct from that encompassed in State's complaint. "A complaint and cross-complaint for most purposes are treated as independent actions [citation] and the cross-complainant is not deprived of the right to the trial of the issues of his cross-complaint by a judgment dismissing the complaint. [Citations]" (*Atherley* v. *MacDonald, Young & Nelson, supra,* p. 386.)

In *Atherley* the situation presented was the same as that in the instant case. There MacDonald and Feykert were joined as co-defendants in an action for personal injuries brought by the plaintiff.[14] MacDonald filed a cross-complaint against Feykert, based upon a "hold harmless" agreement. The trial court made its order granting Feykert's motion to strike the cross-complaint and sustaining his demurrer to it without

---

[13]The findings made pursuant to the verdict of the jury provide only for the value of the property condemned and severance damages.

[14]For convenience we refer to the defendants other than Feykert as "MacDonald."

leave to amend. From that order MacDonald took an appeal, pending which the main action was tried, resulting in a judgment for the plaintiff against MacDonald and a judgment in favor of Feykert. The judgment in favor of Feykert had become final at the time MacDonald's appeal from the order striking the cross-complaint came on for hearing. Accordingly, on appeal Feykert argued that by reason of the judgment entered on the plaintiff's complaint the appeal had become moot on the basis that the judgment in Feykert's favor exonerated him of responsibility for the plaintiff's injuries and was therefore conclusive that the condition of his liability on the "hold harmless" agreement did not exist. The reviewing court, in reversing the order striking the cross-complaint, held that the fact that the main action had gone to judgment after trial did not deprive the cross-complainants of their right to a trial of the issues tendered by their cross-complaint.

The purported appeal from the order sustaining State's demurrer to the amended cross-complaint is dismissed. The order striking the amended cross-complaint as to State and the judgment of dismissal as to State are reversed. The order striking the amended cross-complaint as to Telephone and the judgments of dismissal as to Electric and Telephone are affirmed. Clausen shall recover from State one-half of his costs on appeal. Electric and Telephone shall recover from Clausen their costs on appeal.

Sims, J., concurred.

A petition for a rehearing was denied March 22, 1967, and the petition of plaintiff, cross-defendant and respondent for a hearing by the Supreme Court was denied April 26, 1967. Sullivan, J., did not participate therein.