Filed 12/10/20  Avila v. Holsomback CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| CRISTI A. AVILA, | |
| Plaintiff and Appellant, | E071436 |
| v. | (Super.Ct.No. CIVDS1715660) |
| PATRICIA HOLSOMBACK et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of San Bernardino County. Barry L. Plotkin, Judge. Affirmed.

Alderson Law Firm and James A. Alderson for Plaintiff and Appellant.

Law Office of Michael P. Newman and Michael P. Newman for Defendant and Respondent, Patricia Holsomback.

Chapman Glucksman Dean Roeb & Barger, Gregory K. Sabo, and Chelsea L. Zwart for Defendant and Respondent, Victorville Motors, Inc.

1

Plaintiff Christi Avila sued her grandmother and a vehicle consignment company over the proceeds from the sale of her recently deceased mother's truck. Avila's original complaint contained 10 causes of action and claimed the proceeds belonged to her, not her grandmother. After the grandmother (Patricia Holsomback) and the consignment company (Victorville Motors, Inc. or VMI) successfully demurrered to the complaint, Avila filed an amended complaint containing three causes of action—breach of contract, fraud, and a new claim for cancelation of instrument. Holsomback and VMI filed demurrers to the new complaint, and the trial court sustained them without leave to amend, dismissing the action in its entirety. Among other reasons, the trial court concluded Avila's breach of contract and fraud claims were time-barred and that the cancelation claim was outside the scope of permissible amendment.

On appeal, Avila argues the trial court's ruling was erroneous. We disagree and affirm.

**I**

**FACTS**

A.    *Allegations in the Original Complaint*

On August 10, 2017, Avila filed a complaint containing 10 causes of action, including breach of contract against VMI and fraud against Holsomback. According to the complaint, Avila's mother, Elizabeth (who is also Holsomback's daughter), died in February 2014. One of the assets she left behind was a paid off 2012 Dodge truck with no liens. When Avila learned of the truck about a month later, she went to the DMV to look

2

into obtaining ownership. She completed the necessary paperwork, and on April 1, 2014, after the applicable probate period had run, the DMV "transferred" the truck to her. The following day, she asked the police to escort her to her grandmother's house so she could retrieve the truck. When Avila arrived at Holsomback's, no one was home, and the truck was out front with a "for sale" sign asking $30,000.

The day after that (April 3), Avila took the truck to VMI for consignment. When Avila told one of VMI's employees that she did not yet hold title, the employee told her VMI would give her a check for $23,000 as soon as she was able to produce title. He told her they would inspect the truck and sell it as "Certified," which usually takes a week. Avila left the truck with VMI.

That same day, VMI sold the truck to a customer for $27,999. On April 17, 2014, an insurance company contacted Avila and informed her that Holsomback had reported the truck stolen and placed a 60-day stop on the DMV record so no transfers could be made. The next day, Avila contacted the DMV and they told her they were in the process of investigating ownership of the truck. They told Avila to contact them as soon as title was under her name so they could ensure there wouldn't be another change in title.

On May 9, 2014, VMI informed Avila that the truck had sold and they had given the proceeds to Holsomback. On June 4, 2014, the DMV issued a certificate of title to Avila. They told Avila that Holsomback had tried to transfer the truck to her name but they had rejected the request because she didn't have the proper documentation. A little over a week later, on June 13, Avila went to VMI, told them she could produce title to the

3

truck, and asked for the profits from the sale. The VMI employee responded, "you're going to jail."

On June 16, Avila asked the DMV to place a courtesy stop on the truck's record so no one could remove her name from the title. On June 24, Avila filed a complaint with the California Department of Insurance. On July 17, she contacted the police to report a stolen vehicle. The police told her that she had been the victim of embezzlement and she should hire a civil attorney.

In September 2014, Avila was arrested and the San Bernardino District Attorney's Office charged her with five felony counts. In December 2016, the criminal case against her was dismissed.

B.    *The Demurrers*

Holsomback and VMI responded to Avila's complaint by filing demurrers arguing, among other things, that all of her claims were time-barred. The trial court agreed and sustained the demurrers with leave to amend.

Avila then filed a first amended complaint (FAC). At a subsequent status conference, Avila's counsel announced his intention to file a second amended complaint (SAC) because he had met and conferred with Holsomback and VMI and they told him they planned to demur to the FAC. To avoid unnecessary briefing, the trial court directed Avila to file a SAC.

4

C. *The SAC and Dismissal of the Action*

Avila filed a SAC. The new complaint contained essentially the same allegations as her original complaint, but Avila had removed all of the causes of action except breach of contract against VMI and fraud against Holsomback. In addition, the SAC contained a new claim for cancellation of instrument. As relevant here, Avila alleged she "was not aware of the fraudulent transfer until December 2, 2016." She alleged that "through a subpoena issued on September 20, 2016, to DMV it was discovered on December 2016 that [Holsomback] had added her name to title in March of 2013."

Holsomback and VMI again demurrered, arguing the SAC suffered from the same statute of limitations problems as the preceding complaints. The court sustained the demurrers without leave to amend, and on June 29, 2018, it issued an order dismissing Avila's lawsuit in its entirety.

On July 12, 2018, Avila filed a motion for reconsideration, which the trial court denied. On October 4, 2018, she filed a notice of appeal stating she was appealing a judgment or order entered on "06/29/18 and 09/25/18." These are the dates of the order sustaining the demurrers and dismissing the action and the order denying her motion for reconsideration.

## II

## ANALYSIS

As a threshold matter, we briefly address Avila's notice of appeal. VMI argues we

5

should dismiss the appeal because the notice of appeal identifies only the order denying the motion for reconsideration, which is not separately appealable. In support of this argument, VMI points out that Avila failed to check the box indicating she was appealing a "Judgment of dismissal after an order sustaining a demurrer." Instead, she checked the box for appealing "An order after judgment under Code of Civil Procedure, § 904.1(a)(3)-(13)" and the one for appealing an "Other" order, which she identifies as the order denying the motion for reconsideration.

While we agree Avila's notice of appeal could have been more clear, we conclude that her inclusion of 06/29/18—the date of the order sustaining the demurrers and dismissing the action—is sufficient to notify Holsomback and VMI that she intended to challenge it on appeal. As a general rule, we construe notices of appeal liberally "'"so as to protect the right of appeal if it is reasonably clear what [the] appellant was trying to appeal from, and where the respondent could not possibly have been misled or prejudiced.'" (*In re Joshua S.* (2007) 41 Cal.4th 261, 272, quoting *Luz v. Lopes* (1960) 55 Cal.2d 54, 59; see also Cal. Rules of Court, rules 8.100(a)(2), 8.405(a)(3).) Here, it's clear Holsomback and VMI were not misled as to which order Avila was challenging because her opening brief is entirely focused on the demurrers, and their briefs also fully address the issue.

We now turn to the merits of the order sustaining the demurrers, which we review de novo, independently determining "whether the complaint sets forth facts sufficient to state a cause of action" or discloses a complete defense. (*Doheny Park Terrace*

*Homeowners Assn., Inc. v. Truck Ins. Exchange* (2005) 132 Cal.App.4th 1076, 1085.) Where, as here, the demurrer is sustained without leave to amend, "'we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff.'" (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126.)

Having independently reviewed the allegations in the SAC, we conclude the trial court properly sustained respondents' demurrers without leave to amend and dismissed the action. The breach of contract and fraud claims are time-barred and the cancellation of instrument claim is an improper new cause of action.

The statute of limitations for breach of an oral contract is two years; for fraud it is three years. (Code Civ. Proc., §§ 338, 339.) A statute of limitations begins to run when the claim accrues, which happens upon the "occurrence of the last element essential to the cause of action." (*Neel v. Magana, Olney, Levy, Cathcart & Gelfand* (1971) 6 Cal.3d 176, 187.) "The plaintiff's ignorance of the cause of action, or of the identity of the wrongdoer, does not toll the statute." (*Ibid.*)

An exception to this general principle is "the 'discovery rule,' which postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action. [Citations.] [¶] A plaintiff has reason to discover a cause of action when he or she 'has reason at least to suspect a factual basis for its elements.' [Citations.]

7

Under the discovery rule, suspicion of one or more of the elements of a cause of action, coupled with knowledge of any remaining elements, will generally trigger the statute of limitations period." (*Fox v. Ethicon Endo–Surgery, Inc.* (2005) 35 Cal.4th 797, 807.)

Avila's breach of contract claim is based on her allegation that in April 2014 she entered into an oral contract with VMI, whereby they agreed to purchase the truck from her for $23,000 as soon as she could produce title. Her fraud claim is based on her allegations that Holsomback illegally "conveyed interest [in the truck] to herself by adding herself onto the vehicle as an . . . owner" and then "used this fraudulent transfer . . . to represent that she was the true owner of the vehicle after the death of Elizabeth Holsomback," thereby obtaining the proceeds of the sale from VMI. Crucially, the SAC alleges that on May 9, 2014, VMI told Avila that the truck had sold and they had given the proceeds to Holsomback.

Treating these allegations as true, by May 9, 2014, Avila was on notice that she had claims against respondents. In other words, when VMI told her they had sold the truck and given the proceeds to Holsomback, Avila was in possession of facts that would reasonably lead her to suspect that VMI had breached their purchase agreement and caused her damages in the amount of $23,000 (the agreed purchase price) and that Holsomback was claiming an interest in the truck. But Avila waited until August 2018— well over three years after she learned VMI had given the proceeds to Holsomback—to file her lawsuit. Indeed, she also waited to file her lawsuit well over three years past the

summer of 2014, when she filed a complaint with the California Department of Insurance and made a report to the Victorville Police Department regarding respondents' conduct.

Avila argues the four-year statute of limitations for breach of a written contract applies, not the two-year period for oral contracts. She points out she alleged in the SAC that although the initial agreement was oral, she and VMI memorialized that initial agreement in a written contract. She argues the written contract is a DMV form entitled "Vehicle/Vessel Transfer and Reassignment Form," which she attached to the SAC. But simply calling a document a contract doesn't make it so. The DMV's Vehicle/Vessel Transfer and Reassignment Form is an administrative form intended to notify the DMV of a title transfer, it is not a contract between Avila and VMI. And, type of document aside, the DMV form lacks a material term for any purchase agreement, the price. (E.g., *Weddington Productions, Inc. v. Flick* (1998) 60 Cal.App.4th 793, 797 ["If no meeting of the minds has occurred on the material terms of a contract, basic contract law provides that no contract formation has occurred"].) Taking Avila's allegations as true, VMI's promise to pay her $23,000 for the truck and her promise to produce title were oral, and therefore the two-year limitations period applies.

There is an additional reason Avila's breach of contract claim fails. Performance is an essential element of a breach of contract claim, and Avila has not alleged that she performed her end of the agreement (supplying evidence of ownership) or was excused from doing so. (See *Stockton Mortgage, Inc. v. Tope* (2014) 233 Cal.App.4th 437, 453 ["The elements of a breach of oral contract claim are the same as those for a breach of

written contract: a contract; its performance or excuse for nonperformance; breach; and damages"].)

As to the fraud claim, Avila argues the discovery rule should apply to toll the running of the limitations period. She points out that she alleged in the SAC she "was not aware of the fraudulent transfer until December 2, 2016." However, merely identifying the date you claim to have discovered your claim is insufficient to invoke the discovery rule. In order for the rule to apply, the plaintiff "'"must specifically plead facts to show (1) the time and manner of discovery *and* (2) the inability to have made earlier discovery despite reasonable diligence." [Citation.] In assessing the sufficiency of the allegations of delayed discovery, the court places the burden on the plaintiff to "show diligence"; "conclusory allegations will not withstand demurrer.'"'" (*Grisham v. Philip Morris U.S.A., Inc.* (2007) 40 Cal.4th 623, 638.)

The allegations in the SAC do not satisfy this burden. Avila's attempt to explain how she came to discover the fraud in December 2016 is vague. She alleges, "[t]hrough a subpoena issued on September 20, 2016, to DMV it was discovered on December 2016 that [Holsomback] had added her name to title in March of 2013." Not only does this allegation fail to explain the manner of discovery (for example, who issued the subpoena?), but more importantly, it fails to explain why Avila couldn't have made the discovery earlier. As we've noted, Avila was on notice that Holsomback was claiming an interest in the truck by May 9, 2014, when VMI told her they gave the proceeds of the sale to her grandmother. Or, at the very latest, Avila was on notice by June 4, 2014, when

10

she learned from the DMV that Holsomback was trying to obtain title to the truck. Even if this wasn't enough information to *convince* Avila that Holsomback had committed a fraudulent transfer, it was surely sufficient to prompt her to look into the issue with reasonable diligence, and she has not explained why she failed to do so. In short, Avila has not sufficiently alleged why the discovery rule should apply.

We now turn to the cancelation of instrument claim, which Avila brought for the first time in the SAC. When a trial court sustains a demurrer but grants leave to amend, that grant "must be construed as permission . . . to amend *the cause of action* which [the plaintiff] pleaded . . . [and] to which the demurrer has been sustained." (*People ex rel. Dept. of Pub. Wks. v. Clausen* (1967) 248 Cal.App.2d 770, 785, italics added.) Put differently, "[a] plaintiff may not amend the complaint to add a new cause of action without having obtained permission to do so, unless the new cause of action is within the scope of the order granting leave to amend." (*Harris v. Wachovia Mortgage, FSB* (2010) 185 Cal.App.4th 1018, 1023.)

Here, it's undisputed the trial court did not give Avila permission to add a new cause of action when it sustained the demurrers to the original complaint. However, relying on the trial court's statements during the status conference allowing her to file a SAC, she argues we can construe the court's words as permission to add a new cause of action. To support this interpretation of the trial court's statements, she argues that when the court made them, "no pending demurrers were set, nor was there any ruling on a

11

demurrer." As a result, we can interpret the statements as broadly granting permission to file a new complaint containing new causes of action.

Like the trial court, we find this argument "somewhat disingenuous." Though it's technically true that Holsomback and VMI had not filed a demurrer to the FAC, Avila is minimizing the context in which the trial court granted her leave to file a second amended complaint. The purpose of the status conference was to inform the court that the parties had conferred and that Avila planned to "ask[] for more time . . . to file [another] amended complaint" because Holsomback and VMI had informed her they planned to demur to the FAC. The trial court then agreed to set a deadline for Avila to file a SAC. This context makes clear that the court was not giving Avila carte blanche to file a new complaint with additional causes of action but rather was conserving resources by avoiding another round of demurrers. Nothing in the record indicates the trial court was granting Avila permission to add a new cause of action.

Finally, we conclude the trial court did not abuse its discretion in sustaining the demurrers without leave to amend. It's the plaintiff's burden to demonstrate how they could amend the complaint to cure the defects, and here Avila says she "does not believe that there is a defect in the SAC and therefore does not believe it requires amendment."

# III

# DISPOSITION

We affirm the judgment. Respondents shall recover their costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH
J.

We concur:

RAMIREZ
P. J.

MENETREZ
J.